[No. 835.   Decided March 25, 1893.]

FRANK A. SMALLEY, *Appellant*, v. WILLIAM H. SNELL,
*Respondent.*

COUNTY OFFICERS—TERMS OF OFFICE—CONSTITUTIONAL LAW.

A prosecuting attorney holding office under the provisions of
art. 27, §6 of the constitution, does not fill such a term as is con-
templated by art. 11, §7 of the constitution, which prohibits a
county officer from holding more than two terms in succession.

° *Appeal from Superior Court, Pierce County.*

*L. C. Branson, Ben. Sheeks,* and *H. W. Lueders,* for ap-
pellant.

*Charles Richardson,* and *Charles Bedford,* for respond-
ent.

The opinion of the court was delivered by

HOYT, J.—The discussion of this case has extended over
a wide range, but in our view of the law a decision of the
controversy in question involves but a single point, which
must be determined entirely by a construction of the pro-
visions of our constitution.   Such being the fact, very little
light can be gathered from the large array of authorities
which the industry of counsel has brought to our atten-
tion.

The controlling question in the case is as to whether or
not the term of a county officer, of which he is prohibited
from holding more than two in succession, by the provis-
ions of §7 of art. 11, includes the term which such officer
held under the provisions of §6 of article 27.   If the time
of holding under this section constitutes a term within the
meaning of said §7, it would follow that such officer could
only hold for that time and one full .term under the state
constitution.   And, under the conceded facts in this case,

11—6 WASH.

the respondent would be ineligible to hold the office to which he was elected, for the term commencing the second Monday in January, 1893.

It is argued on the part of appellant that the time an officer served under the provisions of said § 6, was as much a holding under the constitution as though he had been elected to such office by virtue of the provisions thereof. With this contention we fully agree, but it does not at all follow that an officer holding by virtue of such section is filling such a term as is contemplated by said § 7.

Said § 6 is contained in the schedule to the constitution, and though for some purposes such schedule may be held to be a part of the constitution, yet a provision therein contained will frequently receive an entirely different construction from what it would if contained in the body of the constitution.    The purpose of the schedule is not to provide a permanent rule of action to control the future government of the state.    The main purpose which it is designed to accomplish is to bridge over what would otherwise be a chaotic interregnum between the termination of the organization of the territory and the completion of the organization of the state under the provisions of the constitution.

In our opinion, therefore, the term of office provided for in said § 6 was not in the ordinary and strict sense of the term a part of the machinery for the permanent government of the state, but was rather a temporary arrangement until such permanent provision could be made.

Such being the nature of the office, it follows that an incumbent thereunder, though undoubtedly holding under the constitution in a certain sense, would not in the ordinary sense be holding an office of any particular class under the permanent organization of the state.

This brings us to an inquiry as to the nature of the term which is referred to in said § 7.    Sec. 5 in the same article

makes it the duty of the legislature to provide for the election of county officers, and to prescribe their duties and fix their terms of office.    This section being in the same article must be construed with § 7, and when the two sections are construed together, it seems to us clear that the term referred to in § 7 is the term which the legislature is authorized to provide for in § 5, and that said § 7 has no reference whatever to the terms, if such they may be called, of officers holding under the provisions of § 6 of said art. 27. It follows that the term of office of the respondent, commencing on the second Monday in January, 1893, was but his second successive term within the meaning of said § 7 of art. 11.

The judgment of the court below must be affirmed.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.

ANDERS, J., not sitting.