Robert H. Thomas, appellant, v. Vocances Franklin et al., appellees.

Filed October 16, 1894.   No. 6299.

1. **Elections:** Contest: Character of Action. The proceeding for contesting an election provided for by chapter 26, Compiled Statutes, 1893, is, strictly speaking, neither an action at law nor in equity. It is a summary proceeding of a political character, and the proceeding cannot be maintained by any person unless authority therefor is found in the statute itself.

2. **Review:** Pleading: Practice. This court in an action at law or in equity will, on its own motion, look into the record of a case brought here on appeal or error, for the purpose of determining whether the p·tition upon which the action is founded states a cause of action, and whether the court has jurisdiction of the subject-matter of the suit.

3. ——: ——: ——. In a special proceeding founded solely upon a statute it is not only the privilege, but it is the duty of this court, on its own motion, to look into the record of the proceeding brought here and determine whether such proceeding is authorized by such statute, and whether the party prosecuting the proceeding is by the statute authorized to do so.

4. **Elections:** Right of Elector to Contest: Dismissal. When one elector of a county, in his own name and on his own behalf, seeks to defeat the presumed will of the people of his county upon any subject as declared by a canvass of their votes at an election, and for that purpose invokes the provisions of a special statute for contesting the validity of such election, then the special statute invoked must, expressly or by necessary implication, authorize such elector to maintain in his own name and on his own behalf such proceeding, or it will be dismissed.

APPEAL from the district court of Red Willow county. Heard below before WELTY, J.

*Reese & Gilkeson, S. R. Smith, H. W. Keyes,* and *W. R. Starr,* for appellant.

*T. M. Marquett, A. J. Rittenhouse,* and *W. S. Morlan, contra.*

RAGAN, C.

Robert H. Thomas brought this proceeding in the district court of Red Willow county against Vocances Franklin and others to contest the validity of an election which had been held in said county for the relocation of the county seat of such county. The district court, after hearing the evidence, rendered a judgment dismissing the complaint of Thomas, and the proceeding is now before us on appeal.

Thomas, in his complaint filed in the district court, alleged that he was an elector of Red Willow county, and as such interested in the relocation of the county seat of said county at Indianola, a city in said county, and was competent to contest the election which had been held for the purpose of relocating said county seat. Can the appellant maintain this proceeding? If he can, it must be because the statute authorizes any elector of a county to contest the result of an election held for the purpose of relocating the county seat thereof. The statutory provisons for contesting elections are found in chapter 26, Compiled Statutes, 1893. Section 64 of this chapter provides: " The election of any person to any public office, the location or relocation of a county seat, or any proposition submitted to the vote of the people, may be contested." The remainder of the section provides upon what grounds the validity of an election held may be contested. Section 70 of said chapter is as follows: " The district courts of the respective counties

shall hear and determine contests of the election of county judge, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county, and the proceedings therein shall be conducted as near as may be hereinafter provided for contesting the election of county officers." Secton 72 of said chapter provides that any elector of the state may contest the validity of the election of any of the officers of the executive department of the state, and that an elector of a county or legislative district may contest the election of a member of the legislature from such county or district; and section 80 provides as follows: " The election of any person declared elected to any office other than executive state officers and members of the legislature may be contested by any elector of the state, judicial district, county, township, precinct, city, or incorporated village in and for which the person is declared elected." It will thus be seen that while the legislature has provided that the validity of an election locating or relocating a county seat may be contested, it has not provided by whom such contest may be instituted and carried on. The proceeding for contesting an election provided for by this statute is, strictly speaking, neither an action at law nor in equity. It is a summary proceeding of a political character, and the proceeding cannot be maintained by any person, unless express authority therefor is found within the statute itself. (*Wright v. Fawcett*, 42 Tex., 203; *Rogers v. Johns*, 42 Tex., 339; *Williamson v. Lane*, 52 Tex., 335; *Saunders v. Haynes*, 13 Cal., 150; *Hartman v. Young*, 20 Pac. Rep. [Ore.], 17; *Hughes v. Holman*, 32 Pac. Rep. [Ore.], 298.) But for the fact that this statute expressly so provides, an appeal would not lie to this court from the judgment pronounced by a court or tribunal in a proceeding to contest an election duly brought and tried therein. (*French v. Lighty*, 9 Ind., 475.) The statute does not expressly provide that a court or tribunal in which has been tried an

election contest shall have authority to set aside its finding or judgment made therein and grant a new trial; and, doubtless, if a court, after having tried an election contest, should set aside its proceedings and grant one of the parties thereto a new trial, such action on the part of the court would be a nullity. (*Dorsey v. Barry*, 24 Cal., 449; *Casgrave v. Howland*, 24 Cal., 457.)

It is said by counsel for the appellant that the question of the right of Thomas to institute and maintain this proceeding in his own name was not raised in any manner in the court below. Assuming this to be correct, we do not think it any reason why the supreme court should be precluded from considering it. This court, in ordinary actions at law and in equity, will, on its own motion, look into the record of a case brought here on appeal or error for the purpose of determining whether the petition upon which the action is founded states a cause of action, and whether the court has jurisdiction of the subject-matter of the suit; and in a special proceeding founded solely upon a statute of the state it is not only a privilege, but it is the duty of this court, on its own motion, to look into the record and determine whether the proceeding is authorized by such statute, and whether the party prosecuting the proceeding is thereto authorized by the statute. When one elector of a county, in his own name and on his own behalf, seeks to defeat the presumed will of the people of his county upon any subject as declared by a canvass, by their votes at an election, and for that purpose invokes the provisions of a special statute for contesting the validity of such election, then the special statute invoked must expressly, or by necessary implication, authorize such elector to maintain in his own name and on his own behalf such proceeding, or it will be dismissed. We therefore conclude that this statute confers no authority upon an elector of a county to institute and maintain in his own name the proceeding contemplated by the statute for the contesting of an election for the re-

locating of a county seat, and that the district court had no jurisdiction of the subject-matter of this proceeding or of the parties thereto, and had no jurisdiction to render any judgment whatever, and, of course, this court acquired none by an appeal of the proceedings here. A judgment will, therefore, be entered here dismissing the proceeding.

JUDGMENT ACCORDINGLY.