PORTER F. DODSON, APPELLEE, V. CHARLES E. BOWLBY,
APPELLANT.

FILED JANUARY 17, 1907.   No. 14,881.

1. **Elections: CONTEST: PLEADING.** In a contest of the office of county treasurer under sections 5682 and 5683, Ann. St., it is necessary to allege and prove that the contestant is an elector of the county in and for which the contestee is declared elected.

2. **Constitutional Law: STATUTES: TITLE TO ACT.** Section 10 of the general election act (laws 1879, p. 240) is not unconstitutional. The subject of the section is germane to the act, and sufficiently expressed in the title.

3. **County Treasurer: QUALIFICATIONS.** By section 10 of the general election law a county treasurer is disqualified to be elected to office for more than two consecutive terms. An appointment to complete the term of another is not an election to office for a term, and such appointment and holding for ten months thereunder does not disqualify one to be elected to the office for the two consecutive terms immediately following the term during which he was so appointed.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed and dismissed.*

*Hastings & Ireland* and *John B. Lindsey,* for appellant.

*J. H. Grimm, B. V. Kohout* and *F. I. Foss, contra.*

SEDGWICK, C. J.

In March, 1903, the contestee, Bowlby, was appointed to the office of county treasurer of Saline county and has held that office from that time. At the general election of the same year he was elected county treasurer for the term commencing on the first Thursday after the first Tuesday of January, 1904, and again at the general election in 1905 he was elected for the term beginning in January, 1906. Thereupon this contest was begun in the county court of Saline county, and by appeal taken to the district court, where judgment of ouster was entered against the contestee, who has appealed to this court.

1. The first question presented upon this record is as to the sufficiency of the evidence. The statute under which the contest was begun provides: "The election of any person declared elected to any office, other than executive state officers and members of the legislature, may be contested by any elector of the state, judicial district, county, township, precinct, city, or incorporated village in and for which the person is declared elected.

"The contestant shall file in the proper court, within twenty days after the votes are canvassed, a complaint, setting forth the name of the contestant, and that he is an elector competent to contest such election, the name of the incumbent, the office contested, the time of the election, and the particular causes of contest, which complaint shall be verified by the affidavit of the contestant that the causes set forth are true as he verily believes. The contestant must also file a bond, with security to be approved by the clerk of the court, or county judge, as the case may be, conditioned to pay all costs in case the election be confirmed, the complaint dismissed, or the prosecution fail." Ann. St., secs. 5682, 5683.

It is alleged in the complaint that the contestant is a resident elector of Saline county, Nebraska, and that he has been such resident elector for 16 years last past. The allegations of the complaint were denied, and upon these issues no evidence was offered in support of the allegation that the contestant was a resident elector of the county. It is contended that, as the complaint was verified and the answer was not verified, no evidence was necessary to support the allegation. It has been determined by this court that an elector of the county cannot in his own name contest an election for the relocating of a county seat. This is placed upon the ground that there is no special statute authorizing such a contest. In passing upon the question the court said: "When one elector of a county, in his own name and on his own behalf, seeks to defeat the presumed will of the people of his county upon any subject as declared by a canvass, by their votes at an election

and for that purpose invokes the provisions of a special statute for contesting the validity of such election, then the special statute invoked must expressly, or by necessary implication, authorize such elector to maintain in his own name and on his own behalf such proceeding, or it will be dismissed." *Thomas v. Franklin,* 42 Neb. 310. A private individual not a resident elector of the county could not maintain this action, and it seems that evidence showing that the contestant was qualified to prosecute the action was necessary to sustain the judgment of the court.

2. Section 10 of the general election law of 1879 (laws 1879, p. 240) is as follows: "A county treasurer shall be ineligible to office for more than two consecutive terms." The act is entitled "An act to provide a general election law, the procedure relative to contested elections, and the filling of vacancies in office." It is insisted that section 10 above quoted is invalid as in conflict with that part of section 11, art. III of the constitution, which is in these words: "No bill shall contain more than one subject and the same shall be clearly expressed in its title." The section of the statute thus attacked has, so far as we know, been regarded as valid for more than 16 years. The section was construed by this court as early as the case of *State v. Stein,* 13 Neb. 529, which was decided in 1882. The question of the constitutionality of the section was not discussed by the court and does not appear to have been insisted upon by counsel. The action was brought to test the right to hold the office of county treasurer. If the section in question is unconstitutional and void, that fact would have been a complete defense in the action, so that it may be said that the constitutionality of the section was brought in question, and no one appears to have doubted its validity. The case has very many times been cited as authority in the subsequent decisions of this court. So far as we have observed, it has not been mentioned as determining the constitutionality of the section in question, unless it is so regarded in *State v. Stuht,* 52 Neb. 209. If this section is unconstitutional, it is because the title of the act of which it is a part is not

sufficiently comprehensive to include the subject matter of the section. The objection is that to prescribe the qualifications necessary for election to an office is not within the scope and purview of a general election law. This proposition is not so clear as to require us to overrule *State v. Stein, supra,* which has been so long regarded as recognizing, if not declaring, the validity of the section in question.

3. To find the true meaning of the section in question is a more difficult matter. The wording of the section is peculiar. We have seen no other statute or constitutional provision in precisely the same language. The constitution of Kansas provides: "No person shall hold the office of sheriff or county treasurer for more than two consecutive terms." Under this provision of the constitution it was held that a county treasurer cannot hold for a longer time than is included in two regular terms of that office. The court said: "The constitution says two 'terms,' not four years, and that the treasurer shall not hold the office 'for more than two consecutive terms.' Now if he should hold the office for a part of one term, and then for the whole of the next term, he could not be eligible to be elected for still another term, for that would give him the office 'for more than two consecutive terms.' " *Horton v. Watson,* 23 Kan. 229. So strictly was this language of the constitution construed that the court held that one who had held the office of county treasurer for two regular consecutive terms could not continue to hold until his successor was elected and qualified, as other county officers might do, under another provision of the constitution which provided that "all county officers shall hold their office for two years and until their successors shall be qualified." In this connection the court used the following language: "When their second term ends, their right to hold the office ends. They cannot then hold over and into their successor's term, as at the close of the first term they might, or as other county officers might. The constitution does not say that

they may hold the office for two consecutive terms, *and until their successors are qualified;* but it says that they *shall not hold for more than two consecutive terms." Horton v. Watson, supra.* Perhaps the limitation that no person shall *hold* the office of county treasurer for more than two consecutive terms will require a more strict construction than would the provision of our statute that "a county treasurer shall be ineligible to office for more than two consecutive terms."

The provision of the constitution of Washington is: "No county officer shall be eligible to hold his office for more than two terms in succession." Under this provision it was held that the time an office was held by a territorial officer, under a provision of the schedule to the constitution that such officers "shall continue to hold their offices until suspended by authority of the state," was not to be considered as a term under the constitution; so that one who had so held the office of county attorney was eligible for two full terms under the constitution. *Smalley v. Snell,* 6 Wash. 161. It may be noticed that under their constitution the officer was not "eligible *to hold* the office," whereas the wording of our statute is that he shall be "ineligible *to the office."*

In endeavoring to ascertain the intention of the legislature from the language of our statute, we notice the use of the word "ineligible." The word eligible is derived from a Latin word which means to elect, and has been variously construed by the courts. In *Taylor v. Sullivan,* 45 Minn. 309, it was held: "The constitution making persons of foreign birth, who have not declared their intention to become citizens of the United States, ineligible to any elective office, disqualifies such persons from being legally elected. They are not entitled to hold office even though, after being elected, they declare their intention to become citizens." This would seem to be the view taken by this court in *State v. Boyd,* 31 Neb. 682, 707. It is said in the opinion in that case: "The word 'eligible' is defined in the Century dictionary to be 'qualified to be chosen; legally qualified

for election or appointment.' Substantially the same definition of the word is given in Webster's dictionary. In this sense the word 'eligible' is used in the constitution. The above constitutional provision was intended as a restriction upon the electors in choosing their governor and lieutenant governor. The people are prohibited from selecting any person to fill either of these offices who has not been a citizen of this state and of the United States for at least two years next preceding the election at which such officers are to be chosen, or who is under the age of thirty years." The language of our statute which is now being considered strongly indicates that that was the idea in the mind of the legislature when it was adopted. It is not provided that he shall be ineligible to hold the office, but that he shall be ineligible to the office; that is, not capable of being elected to the office, and, if the expression is given this meaning, then the meaning of the statute is that a county treasurer shall not be capable of being elected to the office for more consecutive terms than two; and, if such reading of the statute is justifiable, the respondent does not come within its provisions, as he has not been elected to the office for more consecutive terms than two Again, if this construction of the statute is not justifiable, then it must be confessed that the legislature has chosen language that is indefinite, from which it is impossible to determine the real intention of the legislature. If it cannot be determined from the language used whether the legislature intended that the holding of a part of a term by appointment should be counted as a term of office, or intended that only terms to which the incumbent was regularly elected should be considered in ascertaining his qualifications for future election, it must be because the attention of the legislature was not at the time called to the fact that such a contingency might arise. It would have been easy to have chosen language that would have removed all doubt upon this point. If they did not have in mind at the time that one appointed to the office to fill a vacancy for a short time might afterwards be elected to

the office for two successive terms, then it follows that they have not legislated for such a contingency, and the statute is only intended to apply to county treasurers regularly elected to the office for two full terms.   This brings us to the same conclusion.   This construction of the statute is strengthened by several further considerations, of more or less weight.   Our constitution (art. V, sec. 3) contains a provision applying to the office of state treasurer as follows: "The treasurer shall be ineligible to the office of treasurer, for two years next after the expiration of two consecutive terms for which he was elected."   This language of course is not capable of misconstruction.   "Two consecutive terms for which he was elected," excludes the idea that the time for which the office might be held under appointment should be construed as a term.   If the legislature had this provision of the constitution in mind, and intended to put similar limitations upon the office of county treasurer, it may be supposed to have done so by using the words "ineligible to office for more consecutive terms than two."   Again when one who has been a candidate for election to an office challenges the right of the incumbent, who has been indorsed by the electors, he should be able to point to some positive law which makes it the duty of one who was the choice of the voters to resign the office in his favor.   In such case there may be some reason for applying the maxim which favors the defendant's position.

We fully appreciate the difficulty of determining the real intention of the legislature, but believe, on the whole, the conclusion which we have reached is better supported than is the opposite conclusion.   As the respondent has not been elected to the office of county treasurer for more consecutive terms than two, the statute in question has not been violated, and he is entitled to hold the office for the present term.

The judgment of the district court is reversed and the action dismissed.

REVERSED.