State *ex rel*. Kline v. Bridges.

No. 107.   Opinion Filed March 25, 1908.

(94 Pac. 1065.)

1. MUNICIPAL CORPORATIONS—Officers—Admission of State— Continuance of Tenure—Constitutional Provisions. Section 10 of the Schedule to the Constitution makes those who were officers of municipal corporations in the Indian Territory at the time of the admission of the state the officers of said municipal corporations after the admission of the state.

2. SAME. The present officers of municipal corporations in that part of the state formerly Indian Territory hold their respective offices and discharge the duties thereof, not by virtue of an election or appointment under any law in force in the Indian Territory prior to the admission of the state, but by virtue of section 10 of the Schedule to the Constitution.

3. SAME—Election of Successors—Cities of First Class. By the provisions of section 10 of the Schedule to the Constitution and the laws governing municipal corporations extended in force in the state the successors of those officers in cities of the first class who are voted for by the entire city will be elected on the first Tuesday in April, 1909.

4. SAME—Date of Election—Change by Legislature. Under section 10 of the Schedule to the Constitution the Legislature has power to provide for the election, at a date earlier or later than is provided by the laws extended in force in the state, of the successors of those who were made officers, after the admission of the state, of the municipal corporations whose existence was continued by said section.

5. SAME—Act Feb. 20, 1908—Construction. The act of the Legislature entitled "An act amending sections 1, 5, 6 of article 1,

chapter 14, of an act providing for the incorporation and government of cities of the first class, of the Statutes of Oklahoma of 1893, amending section 1 of article 1 of chapter 6 of the Session Laws of Oklahoma of 1897, entitled 'An act amending sections 7 and 8 of article 1, chapter 14, of an act entitled "An act providing for the incorporation and government of cities of the first class," Statutes of Oklahoma, 1893,' providing for the incorporation and government of cities of the first class, and declaring an emergency," approved February 20, 1908, does not change the time of election of the successors of officers of cities of the first class in the Indian Territory part of the state from the time at which the election of such successors will occur under the provisions of section 10 of the Schedule and the laws extended in force in the state.

(Syllabus by the Court.)

Application by the state, on the relation of Adam Kline, for writ of mandamus to Burril B. Bridges, mayor of the city of Chickasha. Writ denied.

*E. Hamilton,* for relator.
*Lawrence Mills,* for respondent.

HAYES, J. Adam Kline, relator, filed his original petition in this court against Burril B. Bridges, mayor of the city of Chickasha, respondent, and alleges: That he is a resident and duly qualified elector of the city of Chickasha, and that said city is a municipal corporation organized under the laws in force in the Indian Territory, and exists and continues under the laws of the state, and that respondent, Burril B. Bridges, is the mayor of said corporation, authorized and required by law to give notice of, and issue the call for, the election by the qualified voters thereof of officers of said corporation. That on the 3rd day of April, 1906, at an election held in said city of Chickasha, the following persons were elected to serve two years, to wit: Lawrence Mills, city attorney; A. B. Thompson, city assessor; J. B. Burton, Clay Donovan, O. Coffman, and H. C. McKay as members of the city council, and that said persons, on the 9th day of April, 1906, duly qualified as by law required. That on the 2d day of April, 1907

at an election held in the city of Chickasha, the following persons were elected to serve two years: Burril B. Bridges, mayor; J. H. Miller, chief of police; R. C. Parsons, J. A. Temple, J. A. Darnell, and C. E. Riggins, members of the city council, who on the 8th day of April, 1907, duly qualified as required by law, and that on said last-mentioned date Joe Dews was appointed and qualified as city clerk of said corporation, to serve for a period of one year. That on the 8th day of October, 1907, J. H. Miller, then chief of police of said city of Chickasha, tendered his resignation as chief of police of said city, which resignation was accepted by the council, to take effect on the 1st day of the following November, on which date Emmett Goodwin, who had been previously appointed by the city council to fill the vacancy so created by the resignation of the said J. H. Miller as chief of police, duly qualified as chief of police of the said city of Chickasha as required by law.

Relator further pleads the statutes of Arkansas placed in force in the Indian Territory by an act of Congress, providing for the filling of vacancies in offices of cities of the first class by the city council, by which law it is provided that any person appointed to fill a vacancy in any office of the city shall serve until the next annual election after his appointment, at which time his successor shall be elected; that by reason of such law the term of Emmitt Goodwin, as chief of police of the city of Chickasha, will expire on the 7th day of April, 1908; that under the laws in force in the Indian Territory prior to the admission of the state into the Union the terms of office of the said Lawrence Mills, as city attorney, A. B. Thompson, as city assessor, J. B. Burton, Clay Donovan, O. Coffman, and H. C. McKay as members of the city council and Joe Dews, as city clerk, will expire on the 7th day of April, 1908, or as soon thereafter as their successors, to be elected at the annual election on said day, shall qualify.

He further alleges that on the 14th day of March, 1908, the respondent, Burril B. Bridges, as mayor of the city of Chickasha, issued a notice and call for an election by the qualified

voters of the city of Chickasha, calling an election for the election of members of the city council from each of the wards of said city to take the places of the said J. B. Burton, Clay Donovan, O. Coffman, and H. C. McKay, and for the necessary officers for the school district of the city of Chickasha township, but that respondent failed to issue any notice of or call for an election of a city attorney, city marshal or chief of police, city assessor or city clerk, and that the respondent refuses to issue any call or publish any notice of an election on said date for the election of said officers.

Relator prays for a writ of mandamus commanding the respondent to either insert in his said notice for a call for an election by the qualified voters of the city of Chickasha, already published as aforesaid, a call for an election by the qualified voters of said city of a city attorney, city clerk, tax assessor, and city marshal and chief of police, or that he be required to issue a supplemental call and notice for the election of said officers.

Respondent appears by attorney, and waives the issuance of the alternative writ, and agrees that the case may be submitted upon relator's petition.

The city of Chickasha as a municipal corporation, under the laws in force in the Indian Territory prior to the admission of the state into the Union, was a city of the first class, and under said laws the term of office of Lawrence Mills as city attorney, A. B. Thompson as city assessor, and J. B. Burton, Clay Donovan, O. Coffman, and H. C. McKay as members of the city council, all of whom were elected by the qualified voters of said city at an election held on the 3d day of April, 1906, would expire on the 7th day of April, 1908, and the term of office of Joe Dews as city clerk, who was appointed by the city council to serve for a period of one year, and of Emmett Goodwin, who was appointed by the city council to fill the unexpired term of J. H. Miller, who resigned, would expire on said date.

It is the contention of relator that the term of office of said officers is still regulated and controlled by the laws in force

in the Indian Territory prior to the admission of the state into the Union, and that the successors of said officers should be voted for at a city election to be called for and held on the 7th day of April, 1908.

Section 10 of the Schedule of the Constitution of Oklahoma (section 459, Bunn's Constitution of Oklahoma) reads as follows:

"Until otherwise provided by law, incorporated cities and towns, heretofore incorporated under the laws in force in the territory of Oklahoma or in the Indian Territory, shall continue their corporate existence under the laws extended in force in the state, and all officers of such municipal corporations at the time of the admission of the state into the Union shall perform the duties of their respective offices under the laws extended in force in the state, until their successors are elected and qualified in the manner that is or may be provided by law: Provided, that all valid ordinances now in force in such incorporated cities and towns shall continue in force until altered, amended, or repealed."

We shall consider first the meaning of this section and the effect of the provisions thereof upon cities of the first class existing in the Indian Territory at the time of the admission of the state into the Union and upon the terms of the officers of such cities, and then shall consider whether said section is in conflict with, or is modified by, other sections of the Constitution, and whether this section of the Schedule or any of the provisions thereof have been affected by the provisions of an act of the Legislature entitled "An act amending sections 1, 5, 6, of article 1, chapter 14, of an act providing for the incorporation and government of cities of the first class, of the Statutes of Oklahoma of 1893, amending section 1 of article 1 of chapter 6 of the Session Laws of Oklahoma of 1897, entitled 'An act amending sections 7 and 8 of article 1, chapter 14, of an act entitled "An act providing for the incorporation and government of cities of the first class," Statutes of Oklahoma, 1893,' providing for the incorporation and government of cities of the first class, and de-

claring an emergency," approved February 20, 1908. (Session Laws 1907-1908, p. 183.)

It is not necessary for us to consider what effect, if any, the adoption of the Constitution and the admission of the state into the Union would have had upon the corporate existence of the city of Chickasha, or upon the corporate existence of other municipal corporations existing in the Indian Territory prior to the admission of the state into the Union, if no reference had been made to the same in the Constitution, for the reason that section 10 of the Schedule, *supra,* continues the corporate existence of such municipal corporations under the laws extended in force in the state. Section 2 of the Schedule (section 451, Bunn's Constitution of Oklahoma) extends to and keeps in force in the state, until they expire by their own limitations, or are altered or repealed by law, all laws in force in the territory of Oklahoma at the time of the admission of the state which are not repugnant to the Constitution and are not locally inapplicable. The city of Chickasha, as a municipal corportion, after the admission of the state into the Union, could not operate or exercise its powers under the laws in force in the Indian Territory prior to the admission of the state, unless such laws were extended to and kept in force in the state. The state of Oklahoma is a different government from the government that existed in the Indian Territory prior to the admission of the state, and the laws for the administration of the affairs of municipal corporations that were in force in the Indian Territory prior to the admission of the state are no more the laws of the state of Oklahoma than they are of any other state of the Union, unless made so by the provisions of the Enabling Act or some provision of the Constitution. The Enabling Act contains no provision that extends in force in the state after its admission into the Union any of the laws governing municipal corporations that were in force in the Indian Territory prior to its admission, nor does the Constitution adopt or continue in force in the state any of said laws except certain specific laws for certain specific purposes, to which reference will be made

later. The only laws in force in the state at the time of its admission under which incorporated cities and towns theretofore existing in the Indian Territory could operate were the laws of the territory of Oklahoma extended in force in the state. The officers of the city of Chickasha, the election of whose successors on the 7th day of April, 1908, is sought to be required by this petition, are officers of said city, not by virtue of any law that was in force in the Indian Territory prior to the admission of the state, but by virtue of section 10 of the Schedule. *Cordell v. Frizell*, 1 Nev. 130; *Magruder v. Swann*, 25 Md. 173; *Sigur v. Crenshaw*, 8 La. Ann. 401; *Smalley v. Snell*, 6 Wash. 161, 32 Pac. 1062; *McMurray v. Hollis*, 5 Wash. 458, 32 Pac. 293; *State ex rel. Bishop v. McNally*, 13 Utah, 25, 43 Pac. 920.

The purposes of the Schedule to the Constitution and the various sections thereof are plainly indicated in the language of its preamble, which reads as follows:

"In order that no inconvenience may arise by reason of a change from the forms of government now existing in the Indian Territory and in the territory of Oklahoma, it is hereby declared as follows."

An interregnum in the administration of the affairs of the state, county, and municipal township governments was avoided by the provisions of the Constitution and the election ordinance adopted by the Constitutional Convention that provided for the election of all state, county, and municipal township officers at the time of the adoption of the Constitution, and the provision that the terms of their respective offices should begin at the time of the admission of the state; but no provision was made by said election ordinance for the election of officers of municipal corporations, and no doubt, in furtherance of the purposes expressed in the preamble to the Schedule, section 10 was written into the Constitution to prevent an interregnum in the administration of the affairs of municipal corporations theretofore existing in the Indian Territory whose existence was continued by said section of the Constitution, because the laws in force in the Indian Terri-

tory for the government of municipal corporations prior to the admission of the state not having been extended in force in the state, would have after the admission of the state, left such municipal corporations without officers unless some provision was made by the Constitution to provide such cities with officers until an election of officers for such cities could be had in a manner provided by law, during which time the municipal corporations in the Indian Territory would have been without officers to enforce the police regulations and administer the business affairs of said municipal corporations. Section 10 of the Schedule avoids such interregnum and great inconvenience to the people of such corporations by providing that the officers of such municipal corporations at the time of the admission of the state shall continue to perform the duties of their respective offices under the laws extended in force in the state "until their successors are elected and qualified in the manner that is or may be provided by law." This section by its terms appoints and makes the officers of said municipal corporations at the time of the admission of the state officers of said corporation after the admission of the state, and the said Lawrence Mills, A. B. Thompson, and others mentioned in relator's petition are officers of the city of Chickasha at this time, not by virtue of having been elected under some law in force in the Indian Territory prior to the admission of the state into the Union, but by virtue of having been appointed and made such by said section of the Schedule. The same section provides the time they shall continue to discharge the duties of their respective offices by using the language "until their successors are elected and qualified in the manner that is or may be provided by law."

Section 353, Wilson's Rev. & Ann. St. Okla. 1903, is:

"The annual election, in all cities of the first class, shall be held on the first Tuesday in April, 1897, and each year thereafter. At the annual election of 1897, there shall be elected a mayor, city clerk, police judge, city treasurer, city attorney, city marshal, who shall be chief of police, city assessor, treasurer of the school board, street commissioner, and one councilman and one member

of the school board from each ward, who shall hold their offices for two years, and until their successors are elected and qualified: Provided, any such city may by ordinance provide for an annual election of any of its officers, and may further provide for the election or appointment of an assistant city attorney, and fix powers and duties."

This section has been construed by the Supreme Court of the territory of Oklahoma in *Wright v. Jacobs*, 12 Okla. 138, 70 Pac. 193, and the court, in commenting upon the same, said that the purpose of said section was to make city elections uniform all over the territory, and further held that officers for whom all of the city votes must be elected in odd-numbered years, and that it not only applies to those cities that were organized in 1897, but those that were organized subsequently. The effect of said section, as construed by the Supreme Court of the territory of Oklahoma, is that the election of all officers for which all the city votes is held on the first Tuesday in April of every odd-numbered year. This section of the law was extended in force in the state by the Constitution, and, being applicable to the city of Chickasha, fixes the time when the successors of all the officers of the city of Chickasha for whom all of the city votes shall be elected, and if said section has not been or shall not, before the first Tuesday in April, 1909, be repealed, the election of the successors of said Lawrence Mills as city attorney, A. B.| Thompson as city assessor, Joe Dews as city clerk, and of Emmett Goodwin as chief of police may be made at that time, and upon the election of their successors their terms of office will expire.

It is apparent from the language of the preamble to the Constitution and of section 10 of the Schedule that it was the intention of the Constitutional Convention not only to provide officers for the municipal corporations on the Indian Territory side of the state, but in providing what time they should continue to serve to so provide that the Legislature might make such provisions for the election of their successors as would insure a uniform manner of election of the corresponding officers in cities of the first class throughout the state. Many of said municipal cor-

porations in the Indian Territory did not have the same officers, since by the statutes in force in the Indian Territory said cities were authorized to create by ordinance offices, and some offices had been created by some cities that had not been created by others, nor did the terms of the corresponding officers in many of them expire at the same time. Particularly is this true of those cities on the Indian Territory side when compared with those on the Oklahoma side of the state.

The effect of the words "that is or may be provided by law" as used in section 10 of the Schedule is to leave it within the power of the Legislature to permit the successors of such officers of the city of Chickasha, the election of whom is provided for under the laws in force at the time of the admission of the state into the Union, to be created under such laws, and if said laws extended in force had proved to be inapplicable for the election of successors of any of the officers of said municipal corporations, to enact laws to provide for the election of such officers, or to provide by a new law for the election of the successors of all of such officers.

The contention of relator that the term of Emmett Goodwin will expire on the 7th day of April, 1908, for the reason that he was appointed to fill a vacancy, and that under the laws in force in the Indian Territory at the time of such appointment he could fill such vacancy by virtue of his appointment only until the next annual election, at which time a successor should be elected, is without merit; for the reason that he holds his office, not by virtue of appointment of the city council of Chickasha made prior to the admission of the state, but he holds said office as do the other officers of the city by virtue of that provision of the Constitution that makes all officers of municipal corporations in the Indian Territory at the time of the admission of the state officers of said corporations after the admission of the state until their successors are elected, and the duration of the time he shall continue to discharge the duties of his office is controlled by the same section of

the Constitution that applies to the other officers of said city. The same reasoning applies to Joe Dews as city clerk.

Section 1 of Senate Bill No. 114—A (Session Laws 1907-1908, p. 183), recently enacted by the Legislature now in session, the title of which is quoted, *supra,* reads as follows:

"Section 1.   That section 1 of article 1, chapter 14, of the Statutes of Oklahoma 1893, be and the same hereby is amended to read as follows. 'Section 1.   All cities, towns, villages and communities of people residing in compact form in this state, having a population of twenty hundred inhabitants, or more, as shown by the special federal census of Oklahoma and Indian Territory of July 1st, 1907, and residing upon land platted into lots and blocks and which were not cities of the first class on November 16th, 1907, may become cities of the first class, in the manner hereinafter provided, and all cities, towns, villages and communities of people in this state that shall thereafter attain to such population, as shown by the federal census, or other census, taken under the laws of this state, may become cities of the first class class in like manner; provided, that cities and towns in that part of the state of Oklahoma which was formerly Indian Territory which were, or purported to be, on November 16th, 1907, cities of the first class, under the laws in force in said territory, by virtue of an order, judgment or decree of any United States court in said territory, be and the same are hereby declared to be cities of the first class under the laws of this state. The officers of said cities shall continue in office until the next general election for city officers and shall exercise the duties of the respective offices under the laws of this state, corresponding to the offices to which they were elected or appointed."

The city of Chickasha was a city of the first class under the laws in force in the Indian Territory on the 16th day of November, 1907. The officers of the city of Chickasha, by the provisions of said section, shall contiue in office until the next general election of city officers. The term "general election of city officers" is not defined by any provision of said act; nor is the same defined by any provision of the statutes. Section 353, Wilson's Rev. & Ann. St. 1903, *supra*, states that there shall be an annual election in all cities of the first class, but no distinction is made between the annual elections in even-numbered years, at which

one councilman from each ward is elected, and the elections in odd-numbered years, at which time the officers who are voted for by all of the city are elected. The remaining sections of said act of the Legislature provide how cities, towns, and villages with 2,000 population or more may become cities of the first class, and provide for the election of the first set of officers for any such city, town, or village upon its becoming a city of the first class, and provide that the terms of such officers, except councilmen, shall expire on the first Tuesday of April, 1909, at which time the general officers of the cities of the first class of the state are elected. The provisions of section 1 of said act relative to cities of the first class in the Indian Territory on the 16th of November, 1907, construed in connection with the remaining sections of the act and the statutes, show that it was the intention of the Legislature to provide that the election of successors to the officers of cities existing as cities of the first class in the Indian Territory at the time of the admission of the state into the Union should occur at the same time the election of corresponding officers of the cities of the first class shall occur throughout. the state; and the words "general election," as used in said section, are intended to refer and do refer to the election at which the mayor, city clerk, police judge, city treasurer, city attorney, marshal, and the other general officers of the cities of the first class shall be elected, which, under the statutes now in force in the state, will be on the first Tuesday in April, 1909.

.        Section 10 of article 23 of the Constitution (section 444, Bunn's Constitution of Oklahoma) provides that in no case, except wherein it is otherwise provided in the Constitution, shall the term of office of any public official be extended beyond the period for which he was elected or appointed, and relator contends that section 1 of said act of the Legislature is in conflict with this section of the Constitution, in that the effect of said act of the Legislature is to extend the term of officials in cities of the first class existing in the Indian Territory at the time of the admission of the state beyond the period for which they were elected

or appointed. This contention is without merit, for the reason that the time during which the officers, the election of whose successors is sought to be required by this proceeding, shall continue to perform the duties of their office is fixed by section 10 of the Schedule to the Constitution which, under the laws extended in force in the state, will be until the first Tuesday in April, 1909, unless the Legislature shall provide for the election of their successors at an earlier or later date. Section 1 of said Senate Bill No. 114—A, *supra,* does not change the length of time the officers, the election of whose successors is sought to be required by this action, shall continue to perform the duties of their offices, and there is no conflict whatever between section 1 of said act and section 10 of article 23 of the Constitution.

It is further contended by relator that section 10 of the Schedule of the Constitution is in conflict with section 2 of article 18 (section 412, Bunn's Constitution of Oklahoma), which reads as follows:

"Every municipal corporation now existing within this state shall continue with all of its present rights and powers until otherwise provided by law, and shall always have the additional rights and powers conferred by this Constitution."

Relator insists that the effect of this section of the Constitution is to continue the city of Chickasha as a municipal corporation after the admission of the state, with all the rights and powers it had prior to the admission of the state under the laws of Arkansas in force in the Indian Territory pertaining to municipal corporations; that under said laws the electors of said city would have the right to elect, on the first Tuesday in April of this year, a city marshal, who is chief of police, city attorney, city assessor, and city clerk. If the construction of this section, as contended for by relator, is correct, then the same is in conflict with section 10 of the Schedule; for the effect of the relator's construction is that every municipal corporation existing in the Indian Territory prior to the adoption of the Constitution continues in the state with all the rights and powers it had under the laws

of Arkansas in force in the Indian Territory, and that said laws are continued in force in the state for the government and control of said municipal corporations until otherwise provided by law.

By the terms of section 4 of the Enabling Act (section 512, Bunn's Constitution of Oklahoma) the existence of the state government did not begin until the President issued his proclamation, which was on the 16th day of November, 1907. Simultaneously with the admission of the state the Constitution containing section 2 of article 18 and section 10 of the Schedule became effective. At the time they became effective the municipal corporations existing in the state consisted of those corporations theretofore incorporated under the laws in force in the territory of Oklahoma or in the Indian Territory whose corporate existence had been continued under the laws in force in the state by section 10 of the Schedule. Said section 2 of article 18, as we construe it, guarantees to these municipal corporations all the rights and powers they have under the laws extended in force in the state until otherwise provided by law, and guarantees, in addition thereto, that they shall always have the additional rights and powers conferred by the Constitution. This construction of said section harmonizes with section 10 of the Schedule, and gives effect and meaning to both; and that such was the intention of the framers of the Constitution is evidenced by the fact that in section 12 of the Schedule of the Constitution (section 461, Bunn's Constitution of Oklahoma) it is provided that in all incorporated cities and towns in the Indian Territory all local improvements or buildings in process of being made or constructed under the laws in force in the Indian Territory, or for which proceedings have been commenced under such laws at the time of the admission of the state into the Union, shall be completed under said laws, and that said laws as to such improvements or public buildings are extended in force until the same are completed and paid for as provided by such laws. Again by section 11 of the Schedule it is provided:

"All taxes assessed or due to incorporated cities and towns

in the Indian Territory, and all taxes levied by such incorporated cities and towns for the year nineteen hundred and seven shall, until otherwise provided by law, be levied and collected in the same manner as now provided by law in force in the Indian Territory, and under the laws and ordinances now in force in such municipal corporations."

If the framers af the Constitution had intended by section 2 of article 18 to continue the municipal corporations in the Indian Territory with all the rights and powers under the laws existing in the Indian Territory prior to the admission of the state, and intended to continue in force said laws for the administration of such municipal corporations, there was no necessity for sections 11 and 12 of the Schedule, and the fact that said sections 11 and 12 were made a part of the Constitution is a circumstance that indicates that no such meaning was intended by the framers of the Constitution as relator insists on giving to said section 2 of article 18.

The issues in this case do not present to this court for decision the question whether the laws of the territory of Oklahoma extended in force in the state are applicable for the purpose of electing successors to members of the city council in those cities that were cities of the first class in the Indian Territory at the time of the admission of the state; but, owing to the importance of this question to those cities, and the fact that the Legislature is now in session, and defects in the statute may be remedied if called to the attention of the Legislature, we do not refrain from suggesting that section 353, Wilson's Rev. & Ann. St. Okla. 1903, *supra*, while applicable for electing successors to those officers of said cities that are voted for by all the city, is not applicable for the purpose of electing successors of members of the city council in such cities, for the reason that the duration of time such members of the council shall continue to perform the duties of their office is also fixed by section 10 of the Schedule, and not controlled by the laws formerly in force in the Indian Territory, and it is not determined by any provision of the Constitution or of the laws extended in force in the state which of the two members of

the council from each ward in any such city may have a successor elected at the election to be held on the 7th day of April, 1908, in cities of the first class throughout the state, nor which one of said members of the council from each ward shall have a successor elected at an election to be held on the first Tuesday in April, 1909. The statutes of Oklahoma extended in force provide no method by which it may be determined which of said members of the council from each ward shall have a successor elected at either of said elections; and since section 353, *supra,* as construed by the Supreme Court of the territory of Oklahoma, in *Wright v. Jacobs, supra,* provides for the election of only one member of the council from each ward of a city at the election to be held in odd-numbered years, and since Senate Bill No. 114—A, the title of which is quoted above, while providing that the officers of such cities shall continue to perform the duties of their office until the next general election, does not prescribe the method by which it may be determined which of said members shall have a successor elected at the election to be held in 1909, under the provisions of section 10 of the Schedule the persons who are made the members of the city council of such cities by said section will continue to discharge the duties of their office until their successors are elected under some law providing therefor, and as no law exists applicable to the election of successors to such members of the city council of such cities it will be necessary to provide such law before their successors can be elected and their term of service terminate.

The writ of mandamus prayed for is denied.

All the Justices concur.