FRANK H. BARNES, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED DECEMBER 14, 1909.   No. 15,844.

Elections: CONTEST. When a citizen, taxpayer and elector of a city, in his own name and on his own behalf, seeks to defeat the presumed will of the people of his municipality upon any subject as declared by a canvass of their votes at an election, and for that purpose invokes the provisions of section 5715, Ann. St. 1907, for contesting the validity of such election, then the special statute invoked must, expressly or by necessary implication, authorize such elector to maintain in his own name and on his own behalf such proceeding, or it will be dismissed. *Thomas v. Franklin*, 42 Neb. 310.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed*.

*M. A. Low, Paul E. Walker, E. P. Holmes* and *G. L. De Lacy*, for appellant.

*John M. Stewart, T. F. A. Williams, C. C. Flansburg* and *L. A. Flansburg*, contra.

BARNES, J.

Frank H. Barnes, who alleges in his petition that he is a citizen, resident and taxpayer of the city of Lincoln, commenced this action in the district court for Lancaster county to contest an election which was held in the city of Lincoln on the 7th day of May, 1907, at which election was submitted to the vote of the people the proposition of empowering the mayor and city council to compel the Chicago, Rock Island & Pacific Railway Company to construct and maintain viaducts over its railway tracks where they cross P and J streets. The petition set forth sufficient grounds for contesting the election. The defendant answered, in substance, that the plaintiff was without authority of law to commence or prosecute an action to contest the election in question; that the plaintiff did not

commence and prosecute the proceeding in good faith or in his own interest, but for and on account and solely in the interest of the railroad company, and further concluded with a general denial. To this answer the plaintiff demurred. Upon the hearing the district court invoked the rule that a demurrer searches the whole record, and held that there was no statute in the state of Nebraska authorizing or empowering the plaintiff to contest the election in question, and dismissed his action. The plaintiff has appealed, and now contends that the district court erred in sustaining the demurrer and deciding that the plaintiff had no right, power or authority to maintain the action.

It was conceded upon the argument that, in order to reverse the judgment of the district court, we must overrule *Thomas v. Franklin,* 42 Neb. 310; *Sebering v. Bastedo,* 48 Neb. 358; *Dodson v. Bowlby,* 78 Neb. 190.

*Thomas v. Franklin, supra,* was a case where it was sought to contest a county seat election. The action was brought under the provisions of chapter 26, Comp. St. 1893, which is the statute upon which the present action is based, and it was there held that the contestant could not maintain the action. In the body of the opinion we find the following: "Can the appellant maintain this proceeding? If he can, it must be because the statute authorizes any elector of a county to contest the result of an election held for the purpose of relocating the county seat thereof. The statutory provisions for contesting elections are found in chapter 26, Comp. St. 1893. Section 64 of this chapter provides: 'The election of any person to any public office, the location or relocation of a county seat or any proposition submitted to the vote of the people may be contested.' * * * Section 70 of said chapter is as follows: 'The district courts of the respective counties shall hear and determine contests of the election of county judge, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county,

and the proceedings therein shall be conducted as near as may be hereinafter provided for contesting the election of county officers.' Section 72 of said chapter provides that any elector of the state may contest the validity of the election of any of the officers of the executive department of the state, and that an elector of a county or legislative district may contest the election of a member of the legislature from such county or district. And section 80 provides as follows: 'The election of any person declared elected to any office other than executive state officers and members of the legislature may be contested by any elector of the state, judicial district, county, township, precinct, city, or incorporated village in and for which the person is elected.' It will thus be seen that, while the legislature has provided that the validity of an election locating or relocating a county seat may be contested, it has not provided by whom such contest may be instituted and carried on. The proceeding for contesting an election provided for by this statute is, strictly speaking, neither an action at law nor in equity. It is a summary proceeding of a political character, and the proceeding cannot be maintained by any person unless express authority therefor is found within the statute itself." In this case the same difficulty exists as was found there. The statute does not provide, nor does the city charter, that a citizen, elector and taxpayer of the municipality can contest an election like the one in question.

*Sebering v. Bastedo, supra,* was a case where another attempt was made to contest the validity of a county seat election in Boyd county whereby Butte city, upon the face of the returns, as against Spencer, was declared by the canvassing board to have been successful. Upon authority of *Thomas v. Franklin, supra,* the proceeding was dismissed, thus affirming and following that case.

In *Dodson v. Bowlby, supra,* quoting from *Thomas v. Franklin,* 42 Neb. 310, it was said: "When one elector of a county, in his own name and on his own behalf, seeks to defeat the presumed will of the people of his

county upon any subject as declared by a canvass of their votes at an election, and for that purpose invokes the provisions of a special statute for contesting the validity of such election, then the special statute invoked must, expressly or by necessary implication, authorize such elector to maintain in his own name and on his own behalf such proceeding, or it will be dismissed."

Whatever might have been our conclusion had this case been one of first impression, the law denying the right of the plaintiff to maintain this action is so well settled that we decline to now adopt a different rule.

For the foregoing reasons, we are constrained to hold that the judgment of the district court was right, and it is therefore

AFFIRMED.