## JONES v. ROBERTS COUNTY.

The word "eligible," used in Const. art. 9, § 5, and Laws 1907, c. 135, § 21, providing that the county superintendent of schools shall be elected for two years, and shall not be eligible for more than four years in succession, means that a person who had served for two terms was not legally qualified for election or appointment to another term only, and did not preclude a county superintendent who had served for two successive terms from holding over until a de jure superintendent was elected or appointed in his place on it being determined that the person elected to succeed him was ineligible.

(Opinion filed June 21, 1911.)

Appeal from Circuit Court, Roberts County. Hon. J. H. BOTTUM, Judge.

Action by O. H. Jones against Roberts County. Judgment for defendant, and plaintiff appeals, Reversed, with directions.

*J. W. Barrington,* for appellant.

Constitution, Art. 9, Sec. 5, provides that there shall be elected at each general election certain county officers, including superintendent of school, "Whose terms of office respectively shall be two years" and "no person shall be eligible for more than four years in succession to any of the above named offices." Chap. 135, Laws 1907, Sec. 21, provides for the election of a county superin-tendent of schools in each county at each general election, "whose term of office shall be two years, and no person shall be eligible for more than four years in succession." For construction of similar provision of constitution, see Gossman v. State, 106, Ind. 203, 6 N. E. 349. There being no provision in the constitution or the statute relating to this office authorizing the plaintiff to hold over until a successor was elected or appointed and qualified, there was an absolute vacancy in such office at the end of his four years' continuous holding of such office, and he was thereafter a mere usurper in such office. Territory, ex. rel., v. Haxhurst, 3 Dak. 205; State, ex. rel., v. Sheldon, 8 S. D. 526; State, ex. rel., v. Bacon, 14, S. D. 284; State, ex. rel., Bacon, 14 S. D. 394. Actual incumbency merely, gives no right to the salary or compensation. People v. Hopson, 1 Den. 579; People v. Nostrand, 46 N. Y. 382; People v. Teiman, 30 Barb. 193; Mayor v. Flagg, 6 Abb. Pr. 296; Lightly v. Clauston, 1 Tannt. 112; Prescott v. Hayes, 42 N. H. 56; Riddle v. County of Bedford, 7 S. & R. 392.

*J. J. Batterton*, for respondent.

One who holds over after the expiration of his term, where no provision is made by statute for holding over, is, although not regarded as in most respects de jure officers, entitled to the salary appended to the office. 29 Cyc. 1399; Vehan v. Prison Commissioners, 31 Pac. 521; Shelly v. United States, 1 Idaho 655; Dean v. Green County, 66 How. Pr. 461. Regardless of the language of our Constitution an officer will hold over until his successor has qualified although the Constitution says that he is ineligible for a third term. His holding over is simply a prolongation of the first term. People v. Edwards, 28 Pac. 832; Koontz v. Kurtzman, 40 Pac. 622. "Eligible means capable of being chosen." State v. Moores, 73 N. W. 309.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendant, and from the order denying a new trial. The action was commenced by the plaintiff to recover from the defendant the sum of $500 alleged to be due him for services as county superintendent of schools of Roberts county during the months of May, June, July, and August, 1909. It is alleged in the complaint that at the regular meeting of the board of county commissioners in September, 1909, plaintiff's bill for said amount was duly presented and allowed by the said board, but the defendant has refused to pay and still refuses to pay the same or any part thereof.

It is alleged in the answer of the defendant: "For a first defense herein defendant alleges that plaintiff was elected to the office of superintendent of schools of said county at the general election held in said county November, 1904, and that he duly qualified as such on the first Monday in January, 1905, and continued to act as such until the first Monday in January, 1907; that at the general election held in said county in November, 1906, said plaintiff was again re-elected to said office, and that on the first Monday in January, 1907, he duly qualified as such and entered upon the discharge of his duties as such officer and continued to perform the duties thereof until the first Monday in January, 1909; that said plaintiff under such election aforesaid performed the duties of said office continuously for the full period of four years as aforesaid; and that by reason of said facts said plaintiff was not eligible to be elected to or hold or occupy said office after the expiration of his said term of office on the first Monday in January, 1909, and was not entitled to receive any of the salary or emoluments belonging to said office at any time thereafter.

The case was tried to the court without a jury, and the court finds the facts substantially as alleged in the answer, and further finds that at the general election held in said county in November, 1908, one Agnes E. Gee was duly elected to the office of county superintendent of school of said county and received the usual certificate of election thereto; that after said Agnes E. Gee received

the certificate of election, and before the time appointed for qualifying for such office, the above-named plaintiff instituted a contest against her for the purpose of securing a judgment of said court that said Agnes E. Gee was not eligible to be elected to or to take or hold such office or perform the duties thereof, and that, in connection with such contest proceedings, said plaintiff procured the order of said court enjoining and restraining the said Agnes E. Gee from qualifying for such office or taking possession thereof, and enjoining and restraining the board of county commissioners of said county from approving her official bond; that such proceedings were thereafter had in said contest that the court did on July 6, 1909, duly make and enter its findings of fact and conclusions of law and a judgment therein, to the effect that said Agnes E. Gee was not eligible to be elected to or take or hold such office, and that said judgment so entered remains in full force and effect and has never been appealed from.

The court further found that the plaintiff continued in the sole and exclusive possession of said office of county superintendent from and after the expiration of his term therein on the first Monday of January, 1909, until October, 1909, and assumed to and did perform the duties of such office; that during the year 1909 the salary allowed by law to the superintendent of schools of said county was the sum of $125 per month; that on September 9, 1909, the board of county commissioners of said county allowed the claim of said plaintiff for the sum of $500, and that thereafter the state's attorney of said county did, upon petition of seven taxpayers of said county, duly take and perfect an appeal to this court from the action and decision of said board of county commissioners in allowing the said bill for the salary aforesaid. And the court concludes as follows: "That the plaintiff herein was not eligible to take, hold, or occupy said office after the expiration of his said term of office on the first Monday in January, 1909, and is not entitled to receive any of the salary or emoluments belonging to said office at any time thereafter, and that the defendant herein is entitled to a judgment dismissing said action upon the merits, and for its costs and disbursements herein." A

judgment of dismissal of the action was thereupon entered, and, a new trial having been denied, the plaintiff has appealed to this court. It will thus be seen that the plaintiff was elected for two terms and held the office for the term of four years ending with the 1st day of January, 1909; that prior to the expiration of his term of office he instituted contest proceedings against the person claiming to have been elected to the office, and performed its duties until September, 1909; and that he now claims a salary accruing for four months during the time he was so holding over after the expiration of his term.

It is contended by the appellant that as no person eligible to hold the office was elected to succeed him, and he continued to hold the office and perform the duties thereof, he is entitled to the salary for the time he served as such county superintendent during the pendency of the election contest, and that the court erred, therefore, in its conclusions of law and judgment in holding that the board of county commissioners was not authorized to allow plaintiff's demand for the said salary as claimed by him, and in dismissing the plaintiff's action.

The respondent, in support of the decision of the trial court, contends: (1) That plaintiff was not eligible to hold or occupy said office or to perform its duties after January, 1909, the expiration of his four years' continuous holding of the same. (2) That there was a vacancy in said office after such date and that plaintiff was a mere usurper in such office, holding possession in violation of the positive prohibition of law, and without color of title thereto. (3) That the salary attached to an office belongs only to the legal incumbent—the de jure officer—and that, even if we should consider plaintiff as an officer de facto, still he could not recover; that, in order to recover, plaintiff must show a legal title to the office. Section 5 of article 9 of the state Constitution provides that: "In each organized county at the first general election held after the admission of the state of South Dakota into the Union, and every two years thereafter, there shall be elected a clerk of the court, * * * and superintendent of schools, whose terms of office respectively shall be two years, and except the

clerk of the court, no person shall be eligible for more than four years in succession to any of the above named offices." Section 21 of chapter 135 of the Laws of 1907 provides: "In each organized county at the first general election held after the admission of the state of South Dakota into the Union, and every two years thereafter there shall be elected a superintendent of schools whose term of office shall be two years, and no person shall be eligible for more than four years in succession." It will be noticed that by the section of the Constitution above quoted, and in the law of 1907 above quoted, the term of the office of county superintendent of schools shall be two years, and that no person shall be eligible for more than four years in succession to hold such office.

The first question, therefore, presented is: Was the plaintiff entitled to hold and perform the duties of the office of county superintendent after his term of office expired, and until his successor was elected or appointed and qualified? It is contended by the appellant that under the provisions of the Constitution and the law, while not eligible to re-election, he could legally and properly remain in possession and discharge the duties of the office until his successor was elected or appointed and qualified. We are of the opinion that the appellant is right in his contention. It will be noticed that the language of the Constitution and the law is: "No person shall be eligible for more than four years in succession to any of the above named offices," except the clerk of courts. The appellant was not in terms prohibited from performing the duties of his office after his term expired, but was not eligible to re-election after four years.

It is contended by the respondent that, as it is provided that no person shall be eligible for more than four years, it was clearly intended to prohibit the party who had held the office four years from further performing the duties of his office, but we are not able to agree with respondent in this contention. The word "eligible," as used in our Constitution and law, was evidently intended to be used in the sense, legally qualified for election or appointment. Such is the definition of the word "eligible" as defined in the Century Dictionary and Webster's Unabridged

Dictionary.  The term was evidently intended as a restriction upon the electors in choosing the officers designated in the section of the Constitution, and hence the appellant is not prohibited from holding the office after his term expired by limitation during the time intervening between the expiration of his term and the election or appointment and qualification of his successor, which, as we have seen by the finding, did not occur until some time in October, 1909.  This view is sustained by the learned Supreme Court of Nebraska in the recent case of Dodson v. Bowlby, 78 Neb. 190, 110 N. W. 698, although the constitutional provision passed upon by that court was the "ineligibility" of a person elected as treasurer of one of the counties of that state.  The construction which we have given to the term "eligible" not only in our opinion accords with the intention of the Legislature, but is clearly necessary in furtherance of the interests of the people of the state.  To hold that all county officers are prohibited from retaining their offices and performing their duties after the term for which they have been elected has fully expired and until their successors are elected or appointed and qualified might result in very serious inconvenience and loss to the public.  The section of the Constitution not only includes the superintendent of schools, but all of the other county officers, including county treasurers and sheriff, except the clerk of the court.  And the general rule seems to be that, in the absence of a statute or constitutional provision in terms prohibiting an officer from holding over after the expiration of his term, such officer may continue to retain and perform the duties of his office after the expiration of his term until his successor is elected or appointed and qualified.  Mr. Mechem on Public Officers, § 397, says: "It is usually provided by law that officers elected or appointed for a fixed term shall hold not only for that term but until their successors are elected and qualified. * * * Where, however, no such provision is made the question of the right of the incumbent to hold over is not so clear, but the prevailing opinion in this country seems to be that, unless such holding over be expressly or impliedly prohibited, the incumbent may continue to hold until some one else is elected and qualified to assume the office"—citing numerous authorities.  And

in 29 Cyc. 1399, it is stated: "One who holds over after the expiration of his term, where no provision is made by statute for holding over, is, although not regarded as in most respects a de jure officer, entitled to the salary appended to the office." In the case of Robb, Register, etc., v. Carter, 65 Md. 321, 4 Atl. 282, it was held by the learned Supreme Court of Maryland that: "In the absence of any express provision authorizing them to continue in office, officers appointed for a stated term are entitled, on the expiration thereof, to remain in office, and fulfill the duties until their successors have been duly qualified, and are entitled to the payment of their salaries during such continuance." And the court, in an able and exhaustive opinion, says: "The office being a trust created for the public good, it follows that a cessation of the benefits derived from it ought not to be sanctioned because of a failure to make an appointment by those whose duty it is to appoint. No such failure should be permitted to cause a temporary extinction of the trust. To guard against this evil, there is usually a provision for holding over until the appointment and qualification of a successor; but it has been held in some of the states that, in the absence of any such provision, the incumbent should hold over until another person has been appointed and qualified, and it is intimated that he may reasonably presume that it is his duty to do so; for it must be borne in mind that an official is frequently the custodian of important books, papers, and other property, the care of which ought not to be abandoned, and which he cannot properly surrender to any one not legally authorized to assume control. People v. Tilton, 37 Cal. 614; Kreidler v. State, 24 Ohio St. 22. But authorities introduced from exterior sources seem to be wholly unnecessary when the question has been determined by domestic adjudication. In the case of Thomas v. Owens, 4 Md. 221, the right of the incumbent to hold over, in the absence of any provision authorizing him to continue in office until the appointment and qualification of his successor, was ably argued on both sides by some of the most eminent counsel then at the bar, and in the opinion of the court, delivered by the late Chief Judge Le Grand, is found the following exposition of principles applicable to the question then presented, and decisive with re-

spect to that now involved in controversy. The learned chief judge said that, although it is not anywhere expressly ·said in the Constitution that he shall continue in his office until his successor has been duly elected, commissioned, and qualified, yet it is obvious to us that, looking to the spirit and policy of ·the Constitution, as manifested in its provisions affecting the other officers of the government, in regard to whom it is provided they shall continue in office until superseded by their qualified successors, that it was not the design of the framers of the Constitution there should be an interregnum in the ·office of comptroller, and thereby suspend for the time the whole operations of the treasury department of the state. * * * It follows from what has been said that the appellee is entitled to the payment of his salary, if he has resorted to the proper remedy." In People ex rel. Stratton v. Oulton, 28 Cal. 45, it was held, as appears by the headnote: 'The state librarian holds over his office after the expiration of his term, and until the election and qualification of his successor, notwithstanding the law creating the office contains no provision authorizing him to do so." The action in that case was for a mandamus to compel the comptroller to draw the warrant in favor of the relator for his salary as such librarian, and the writ was awarded. In a subsequent case of People v. Stratton, 28 Cal. 382, the law as stated in the former opinion was approved, as appears by a similar headnote to that decision. The same view was taken by the territorial Supreme Court of the Territory of Arizona in John H. Behan v. W. C. Davis, 3 Ariz. 399, 31 Pac. 521, and that learned court in its opinion says: "A usurper of any office should not be permitted to avail himself of his own wrongful act of usurpation to deprive him who is rightfully entitled to the office of his emoluments. The contrary rule would directly encourage usurpation of office. * * * The question here presented, however, is essentially different. There is in this case no dispute as to the title to the office; no adverse contestant for it. There is no de jure officer. There can be but one de facto officer, and he is here asking the process of this court to secure his compensation of superintendent of the territorial prison from April 9, 1889, to the date of the appointment and qualification of his successor by the Governor." State v. Wells, 8 Nev. 105.

In the case at bar it was determined by the adjudication of the court that Agnes E. Gee was ineligible to hold the office, and therefore was not an officer de jure. It necessarily follows, therefore, that the appellant was not only entitled to hold and perform the duties of the office until his successor should be elected or appointed and qualified, but that he was also entitled to the salary and emoluments of the office until the election or appointment of a successor. The court was clearly in error, therefore, in holding that the appellant was not entitled to his salary during the time in which he held and performed the duties of the office as such county superintendent of schools. It is to be distinctly understood that this decision goes no further than to hold that, where an officer has been duly elected and qualified and entered upon the duties of the office, he may continue to hold and perform the duties of the same until a de jure officer is elected or appointed and qualified, and that it is only in such case that the officer is entitled to receive the salary or emoluments of the office until his successor is duly elected or appointed and qualified, and is not applicable to a case where a de jure officer has been duly elected or appointed who is duly qualified to hold the office.

The judgment of the circuit court and order denying a new trial are reversed, and the circuit court is directed to conform its conclusions of law to the views expressed in this opinion, and to enter judgment in favor of the plaintiff and appellant for the sum of $500 and interest and costs. Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329.