ALBERT L. ADAMS

*v.*

WILLIAM E. McCORMICK.

*Opinion filed June 23, 1905.*

1. ELECTIONS—*when petition to contest election is defective.* A petition to contest an election to the office of circuit clerk which fails to state that the petitioner is an elector of the county is open to demurrer.

2. SAME—*what not equivalent to averment that petitioner is an elector.* An averment in a petition to contest an election that the petitioner resided in the county is not equivalent to an averment that he was an elector of the county.

3. SAME—*right to contest election is purely statutory.* The right to contest an election is created and controlled wholly by statute.

APPEAL from the County Court of Shelby county; the Hon. THOMAS H. RIGHTER, Judge, presiding.

CHAFFEE & CHEW, and GEO. B. RHOADS, for appellant.

T. F. DOVE, RICHARDSON, PEADRO & WHITAKER, and W. C. KELLEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition filed by the appellant to contest the election of the appellee to the office of circuit clerk in and for Shelby county, at an election held in that county on the 8th day of November, 1904. A general demurrer presented to the petition was sustained by the court and the appellant elected to stand by his pleading. The petition was therefore dismissed at the cost of the petitioner, and he has perfected this appeal from such judgment of dismissal.

The right to contest an election is created and wholly controlled by the statute. Section 112 of chapter 46, entitled "Elections," authorizes any one who is an elector in a county to contest the election of a circuit clerk in and for such county. The right to institute such a contest is confined exclusively to an elector of the county. (*Blanck* v. *Pausch,* 113 Ill. 60; *Masterson* v. *Reed,* 172 id. 37.) The petition filed by the appellant in the case at bar did not allege that the petitioner was an elector of Shelby county. The petition was therefore fatally defective and the demurrer thereto was properly sustained. (*Blanck* v. *Pausch, supra; Masterson* v. *Reed, supra.*) The petition contains the following statement: "Your petitioner, Albert L. Adams, of Moweaqua township, Shelby county, Illinois, sometimes known as J. J. Adams of said township, represents," etc. But this statement is not equivalent to the allegation that he was an elector of Shelby county. It can have no further meaning than that the petitioner lived, had his home or resided in Moweaqua township, in Shelby county. To constitute one

an elector it is not sufficient merely that he has his home or lives or resides in a certain township and county. The qualifications of age, citizenship and length of time of residence in the township, county and State are essential to constitute one an elector. In *Blanck* v. *Pausch, supra,* the petitioner sought to contest the election of the respondent to the office of town clerk. The petition did not aver that the petitioner was an elector of the town, and we sustained a judgment holding the petition obnoxious to a general demurrer and dismissing the petition. The petition in that case alleged the petitioner was "a citizen and resident" of the town. We held this averment insufficient to show the petitioner was an elector. In *Masterson* v. *Reed, supra,* the petitioner sought to contest the election of the respondent to the office of commissioner of highways in the town of Mayfield, and averred, as does the petition in the case at bar, that the petitioner was "of said town." A general demurrer was sustained to this petition, and we affirmed the judgment of the trial court in so ruling, and said that the fact that the petitioner was "of said town" or "a resident of said town" did not make him an elector of the town.

On principle, as well as upon the authority of the two cases cited, the judgment here appealed from must be and is affirmed.             *Judgment affirmed.*