# JOHN H. HANSON and Others v. VILLAGE OF ADRIAN.[1]

## July 3, 1914.

## Nos. 18,870—(287).

**Notice of election contest — service — jurisdiction.**

1. In an election contest jurisdiction is conferred on the court by the filing of a proper notice under section 529, G. S. 1913. The irregularity, if any, in the court signing the order directing the manner and time of service of the notice upon the contestees prior to the filing thereof is not fatal. Service of the notice by one of the contestants was valid service.

**Same — contestant must have right to vote — waiver of proof.**

2. While it is necessary for the notice of contest to show the contestant to be a voter having the right to vote on the question submitted at the election, his qualification may be tacitly admitted or proof thereof waived by the contestee proceeding, without objection on that ground, to try the contest on the merits.

**Cross-examination — contestees as adverse parties.**

3. Where an election is contested on the ground that the contestees voted illegally, such contestees may be called as adverse parties for cross-examination.

**Illegal voting by contestees — evidence.**

4. Having proven that the contestees voted without right, it is proper by competent evidence to ascertain how they voted so as to purge the election of the illegal vote.

**Claim of privilege.**

5. None but the illegal voter could raise the objection that an answer to the question how he voted might tend to incriminate him. The court was not required to inform him that he might claim his privilege.

**Findings sustained by evidence.**

6. The findings that the four contestees were not resident electors of the village, that each voted unlawfully, and that each cast a vote in favor of license, are sustained by the evidence.

John H. Hanson and two others served notices of contest, under G. S. 1913, § 529, from the canvass of votes cast at an election in

[1] Reported in 148 N. W. 276.

the village of Adrian on March 10, 1914, on the question whether license for the sale of intoxicating liquor should be granted in that village. The defendant village and four individuals were named as contestees. The matter was heard in the district court for Nobles county before Nelson, J., who overruled the objection of the contestees, appearing specially for that purpose, to the jurisdiction of the court on the ground (1) that the notices of contestants were served on the contestees before the same were filed with the clerk of court, and (2) that the notices were served by one of the contestants and a party to the action. The contestees thereupon filed an answer. The court made findings as stated in the first paragraph of the opinion. From the judgment entered pursuant to the order for judgment, the contestees appealed. Affirmed.

*John F. Flynn, J. A. Cashel* and *J. A. Town,* for appellants.
*E. H. Canfield,* for respondents.

HOLT, J.

At an election held in the village of Adrian on the tenth of last March, the question of licensing the sale of intoxicants was submitted to a vote. The village canvassing board canvassed the vote and declared that 120 electors had voted in favor of license and 118 against. Within the statutory time contestants instituted this contest wherein the village and four persons, who, it is alleged, unlawfully voted in favor of license, are made contestees. The trial resulted in findings that the four persons named as contestees unlawfully voted at the election and that each one cast a vote in favor of license. The conclusion of law followed, as of course, that no license carried. The village alone appeals from the judgment entered pursuant to the decision.

Several technicalities are urged against a consideration of the merits of the contest. The respondents object to the court passing upon the sufficiency of the evidence to sustain the findings, for the reason that there is no settled case or bill of exception. The point is well taken. But since counsel for appellant asked for leave to take steps to procure a settled case and since it appears that the trial court, for his own use, ordered the official court stenographer to

furnish a transcript of the evidence, which transcript so furnished and certified by the stenographer is here, we have concluded to consider such transcript as a settled case, there being no suggestion that it is incomplete or inaccurate.

The appellant insists that the court did not acquire jurisdiction because: (1) The notice of contest was not filed when the court made the order directing the manner and time within which it was to be served; and (2) that the service was void because made by one of the contestants. The notice of contest was filed within the prescribed time and thereby the court obtained jurisdiction. The court's order, directing the manner and time of service of the notice on the contestees, may be said to have been made when filed. It was filed simulanteously with the notice. But, whether that be strictly accurate or not, the signing of the order prior to the filing of the notice was a mere irregularity which did not go to the jurisdiction of the court to hear the contest under the present statute. Section 529, G. S. 1913. Such is the trend of the opinions in Whittier v. Village of Farmington, 115 Minn. 182, 131 N. W. 1079, and Walden v. Calef, 119 Minn. 165, 137 N. W. 738.

Under section 336, R. L. 1905, the notice was required to be served in the same manner as a summons in a civil action, but as amended in chapter 59, p. 78, Laws 1911 (section 529, G. S. 1913), this provision was eliminated, and the law now simply provides that the notice shall be served in such manner and within such time as the court may by order direct. In this case the order did not direct by whom the service should be made. The court did not err in overruling the contestees' motion, made before answering, to dismiss the contest.

Appellant also contends that the contest should have been dismissed when the evidence was all in, because there was no proof that contestants were entitled to contest. It is true that none but a voter who had the right to vote at the election in question could institute this contest, and that the notice which serves as a pleading must show the contestants to be such voters. The notice here does so state. But evidently the sole controversy at the trial related to the right of the four persons, named as contestees, to vote and how they voted.

Not even in the motion to dismiss, at the close of the trial, is there an intimation that the contestants had no right to maintain the contest. Evidently the point was first raised in the briefs submitted some time after the trial. The finding of the court is: "That at the trial no evidence was offered to prove that the contestants were electors or legal voters of said village, and no question was raised on the trial or at the close of the trial, but at the close of the trial the contestees moved that the proceedings be dismissed for the reason that the contestants had failed to establish a sufficient number of illegal voters who voted for the issuance of license to affect the result of the election. Both parties appeared to proceed on the theory that the only questions involved were whether these four were legal voters, and as to how they voted." The provision in the law that none but the voters can institute a contest was to prevent intermeddlers from questioning elections. The right of the contestants to carry on the contest is naturally a matter preliminary to taking up the contest itself. And when neither by answer nor by anything occurring at the trial the contestants' standing is brought in question, but the merits of the contest is submitted without objection, it should be held that proof of contestants being legal voters is waived. By the filing of the notice showing the contestants to be voters, the court acquired jurisdiction to hear the matter. The meritorious inquiry and the sole basis for the contest in this case was the right of the four contestees to vote, and how they voted. The fact of contestants being voters could have been admitted without doubt, and we think the contestees' conduct was equivalent to an admission of the truth of the allegation in the notice, notwithstanding the general denial in the answer. The point now made by contestees is in the nature of a plea in abatement and should have been interposed before entering upon the merits of the controversy. No doubt, where the right to institute contests is restricted to certain persons, the notice of contest must *prima facie* show the contestant to be within the restriction. This is so whether or not there be statutory provisions touching the contents of the notice in that respect. Gillespie v. Dion, 18 Mont. 183, 44 Pac. 954, 33 L.R.A. 703; Edwards v. Knight, 8 Ohio, 375; Pearson v. Alverson, 160 Ala. 265, 49 South. 756; Adams v. Mc-

Cormick, 216 Ill. 76, 74 N. E. 774. And ordinarily the contestee may insist that the right be proven. This, however, was a preliminary matter of the trial. The only case we have found which directly sustains the contention that failure to prove the right in contestant to carry on the contest is fatal, is Dodson v. Bowlby, 78 Neb. 190, 110 N. W. 698. But there is nothing in the opinion indicating such a course at the trial as here pursued, under which this preliminary requisite or proof may be deemed admitted or waived; and, further, the decision of the case was well rested on another, and a meritorious, consideration.

The contestees, other than the village, were called for cross examination. Upon the issue, that they voted without legal right, they were adverse parties and could be called by contestants for cross examination. A personal right of the contestees was involved. There is no suggestion that they were not properly made parties.

Authority is not wanting to sustain the proposition that, when it is shown that a person voted without right, it is perfectly proper to follow up the inquiry and ascertain how he voted so that the result of the election may not be affected by his illegal vote. McCrary, Election, § 494. Black v. Pate, 130 Ala. 514, 30 South. 434; State v. Kraft, 18 Ore. 550, 23 Pac. 663, 20 Ore. 28, 23 Pac. 663; Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; Van Winkle v. Crabtree, 34 Ore. 462, 55 Pac. 831, 56 Pac. 74. None of the contestees, when asked how they voted, raised the objection that the answer might incriminate the witness. The court was not required to inform them of their privilege. Were they appealing no prejudicial error could here be found, and surely appellant cannot insist that they should claim a privilege personal to them either at the trial or on appeal.

The trial court's finding that the four persons named as contestees voted illegally and that each one voted in favor of license cannot be disturbed by this court. One of these persons was not a citizen. He was born in Norway and came to the United States when a young lad. His father was born in Norway and never went further towards becoming naturalized than to declare his intention to become a citizen. The fact that this contestee had voted, had held office of justice

of the peace, and had served on the grand jury did not make him a citizen. The case of Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. ed. 103, is not applicable because of the peculiar statutes upon which it is based, under which, in the admission of the state, "a collective" naturalization of the people then residing therein was effected. Only resident electors of a village are entitled to vote, section 1246, G. S. 1913. The finding that the contestees, Sundstrum, Kern and Hunt were not resident electors of Adrian finds sufficient support in the evidence. They were single men who worked on and off in the neighborhood of the village. In so far as Sundstrum and Hunt were concerned the evidence tended very strongly to show them residents elsewhere. As to Kern it is not so clear, but still sufficient to sustain the finding. We are also convinced from the record that the trial court was justified in finding that Hunt voted for license notwithstanding he testified to the contrary. Therefore on the merits of the contest the conclusion of the trial court that "no license" carried must be sustained.

Judgment affirmed.