## IN RE DISBARMENT OF G. HALVORSON.[1]

November 23, 1928.

No. 26,419.

**Accused attorney may be called for cross-examination under the statute.**
    1.  In a proceeding for discipline or disbarment of an attorney at law, he may be called for cross-examination under our statute.

**Attorney suspended for one year for delay in accounting for his collections.**
    2.  For misconduct in failing promptly to account for collections made for two clients, and misrepresentation of facts in reference thereto, respondent is suspended from the practice of law for one year.

Attorney and Client, 6 C. J. § 93 p. 612 n. 52.

---

See note in 19 L.R.A.(N.S.) 414; 2 R. C. L. 1095; 1 R. C. L. Supp. 701; 6 R. C. L. Supp. 122; 7 R. C. L. Supp. 57.

Proceeding for the disbarment of G. Halvorson. Respondent suspended from practice for one year from date of filing of decision.

*Oscar G. Haugland* and *A. N. Eckstrom,* for state board of law examiners.

*George T. Simpson* and *F. H. Peterson,* for respondent.

PER CURIAM.

Proceeding for disbarment or discipline of G. Halvorson, an attorney at law of this state residing at Thief River Falls, hereinafter referred to as respondent. The matter was referred to the Honorable Graham M. Torrance, one of the judges of the fifteenth judicial district, as referee, to hear and report the evidence and make and report his findings of fact therein. The report has been duly filed.

The evidence has been examined and considered and is found to sustain the findings of fact made by the referee. The findings are accordingly affirmed.

1. Respondent was called for cross-examination under the statute. G. S. 1923, § 9816. It is urged that this is not an adversary proceeding; that there are here no adverse parties, and that the statute does not apply.

[1]Reported in 221 N. W. 907.

In Strom v. Montana Cent. Ry. Co. 81 Minn. 346, 84 N. W. 46, the statute is construed to apply to the trial of any civil action involving an issue of fact, and also to the trial of any proceeding involving an issue which the parties are entitled as a matter of right to have heard upon oral testimony of witnesses and other evidence as in ordinary trials. This is such a proceeding.

The statute has been held to apply in election contests. Hanson v. Village of Adrian, 126 Minn. 298, 148 N. W. 276; Hawley v. Wallace, 137 Minn. 183, 163 N. W. 127. The fact that in such cases the contestee was charged with illegal voting, or a violation of the corrupt practices act, was held not to prevent his being called for cross-examination. When so called, the party is entitled to the constitutional protection against self-incrimination. Any party to a civil action or proceeding, who is not a mere nominal party, may be called. Boynton v. Simmons, 156 Minn. 144, 194 N. W. 330; Sohns v. M. B. Hubbard Grocery Co. 163 Minn. 187, 203 N. W. 782.

It was not error to call respondent for cross-examination.

2. Two charges of misconduct were made against respondent. The first concerns the collection of $55.94 made by him for one of his clients, which the referee finds he failed to account for until some nine months later and did not finally pay over until after the complaint was made. It appears that respondent had been and was attorney for this client in other matters and had a small account against the client to offset in part this collection; but he failed to credit his client or make any entry of this collection on his books. He contends that he overlooked the receipt of the check and forgot about it until the canceled check was produced. There was at least unexcused neglect on his part.

The second charge concerns a collection of $73.30 for another client. The debtor in this case was employed at Thief River Falls. His employer had an account against respondent. On or about January 8, 1927, an arrangement was made whereby respondent received credit for the full amount of the claim upon his account with the debtor's employer and receipted for payment of the claim in full to the debtor. He did not inform his client or account to

her. He later remitted three payments of $5 each at different times to his client, who resided in St. Paul. He wrote several letters to the forwarding attorney, claiming that he had been unable to collect, except the $15, and that he collected this in instalments as remitted. There was clear deception and concealment of facts in the matter.

For the misconduct hereinbefore noted, it is the judgment of the court that G. Halvorson be suspended from the practice of the profession of law for the period of one year from the date of the filing of this decision.