25191.  WILSON v. STATE BAR OF GEORGIA et al.

ARGUED MAY 13, 1969—DECIDED MAY 22, 1969—
REHEARING DENIED JUNE 12, 1969.

*J. E. Wilson,* pro se.

*Alexander Cocalis, Mallory ·C. Atkinson, Arthur K. Bolton,
Attorney General,* for appellee.

MOBLEY, Justice.  J. E. Wilson appeals from the dismissal of
his complaint against the State Bar of Georgia, named persons
constituting Grievance Tribunal No. 4, an assistant associate
counsel for the State Bar of Georgia, and the Attorney General
of Georgia, for failure to set forth a claim upon which relief can
be granted.

It is alleged that the complainant, who is an attorney licensed
to practice law in Georgia and a member of the State Bar of
Georgia, received a notice from Grievance Tribunal No. 4 of the
Stone Mountain Judicial Circuit of the State Bar of Georgia that
it would conduct a hearing for the purpose of making a deter-
mination of the existence or nonexistence of probable cause for
the lodging of a formal complaint against him; and that he and
his attorney were served with a notice to produce specified
records and documents.

The complainant contends that the documents and records
should not be produced in the investigation for the following
reasons: (a) To require him to produce the records would be a
violation of the self-incrimination clause of the Fifth Amend-
ment of the United States Constitution (*Code* § 1-805), applied
to the States through the Fourteenth Amendment (*Code* § 1-

815). (b) The information called for contains confidential and privileged information and communication between attorney and clients, which under the laws of Georgia he cannot be required to produce. (c) The information relates to persons not involved in the investigation. (d) The notice is unreasonable and oppressive. (e) It is unreasonable because it requires voluminous and extensive documents and information not related to the matter under investigation.

It is further contended that Rule 4-215 (b) of the State Bar of Georgia (219 Ga. 912) is illegal, null, void, and contrary to the Fifth Amendment of the United States Constitution, in that it violates the constitutional privilege against self-incrimination. It is asserted that, unless the defendants are restrained and enjoined until Rule 4-215 (b) can be declared null, void, and unconstitutional, the complainant will be irreparably harmed in that he will be required to go to trial without being clothed with the constitutional privilege against self-incrimination; and that he will be additionally irreparably damaged and deprived of his constitutional rights in that this rule provides that if he fails to appear and produce the documents required by the notice to produce, upon the Grievance Tribunal making this information known to the superior court, it is mandatory for the court to arrest him and confine him in jail, in violation of the due process clause of the United States Constitution.

The complainant sought temporary and permanent injunction against the defendants proceeding with the case before the Grievance Tribunal; the declaration that Rule 4-215 (b) is null, void, and unconstitutional; and the quashing and dismissal of the notice to produce.

■ An attorney whose professional activities are under investigation by the disciplinary authorities of the State Bar of Georgia is entitled to the protection of the constitutional safeguards of our Federal and State Constitutions against self-incrimination. Courts of other States have held that in similar investigations in their States an attorney is entitled to invoke the rule against self-incrimination. For instance, see: Fish v. State Bar of California, 214 Cal. 215 (4 P2d 937); In re Halvorson, 175 Minn. 520 (221 NW 907); In re Zinn, 38 N. M. 449 (34

346

P2d 1097); Florida Bar v. Massfeller, 170 S2d 834. In the early case of *Marshall v. Riley*, 7 Ga. 367 (3), this court held that no person can be compelled to answer interrogatories "which would subject him to a penalty or forfeiture or punishment for crime, or have a tendency thereto."

However, there is no merit to the contention that Rule 4-215 (b), authorizing the Grievance Tribunal to compel the production of books, papers, and documents, relevant to the matter under investigation, is unconstitutional. Subsection (f) of Rule 4-215 (219 Ga. 913) provides that "the procedures and rules of evidence applicable in civil cases shall apply except that the quantum of proof required shall be beyond a reasonable doubt." In a civil action under the general law, on timely written motion, the trial judge may quash or modify a subpoena requiring the production of books, papers, documents, or tangible things, if it is unreasonable or oppressive. Ga. L. 1966, p. 502 (*Code Ann.* § 38-801 (b)). Thus, a similar motion to quash or modify the notice to produce could be made to the Grievance Tribunal to resist the production of any documents or records which might have the effect of incriminating the appellant.

Neither is there any merit in the contention that Rule 4-215 (b) denies the appellant due process of law by making it mandatory for the court to arrest him and confine him in jail should he fail to produce documents having a tendency to incriminate him. If the appellant refuses to produce the documents ordered, on the ground that they will incriminate him, the Grievance Tribunal would have no right to seek to have him adjudged in contempt of court. Rule 4-215 (b) provides for a hearing before the judge of the superior court on the attachment for contempt. Should the appellant be cited for contempt for failure to produce information tending to incriminate him, he would have ample opportunity at this hearing to assert his constitutional right against self-incrimination.

Since Rule 4-215 provides an opportunity in the investigation before the Grievance Tribunal for the appellant to resist the production of any incriminatory documents specified in the notice to produce, and review by the superior court is afforded him if the Grievance Tribunal should overrule his objections and

seek to have him held in contempt of court, Rule 4-215 (b) does not violate the constitutional prohibition against requiring a person to incriminate himself.

■ The appellant asserts that the notice to produce calls for information related to persons other than those involved in the present investigation. As to any confidential information concerning clients not involved in the investigation, it is his privilege to refuse to divulge this information to the Grievance Tribunal. As previously pointed out, he has the right to make his objections to the notice to produce before the Grievance Tribunal, and there is no necessity for the notice to be quashed in this equitable action to insure his right to keep the secrets of his clients inviolate.

■ The appellant has an adequate remedy at law to resist the production of the documents specified in the notice to produce on the grounds stated in his claim, and he is not entitled to restrain and enjoin the Grievance Tribunal from proceeding with the investigation.

■ The complaint does not set forth a claim upon which any relief can be granted, and it was not error to dismiss it on this ground.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Nichols and Frankum, JJ., who dissent.*