Bernard S. Meyer, J.
The petitioner, a tenured schoolteacher with eight years of service, seeks a judgment annulling a determination of the respondent Board of Education of Union Free School District No. 20, Town of Hempstead, which dismissed him from service. He invokes CPLR 7803 (subd. 3) as the basis for review by this court of that determination, on the grounds as stated by his notice of petition, that 11 the same was made in violation of lawful procedure, was affected by an error, of law, was arbitrary and capricious and founded upon an abuse of discretion as to the measure of penalty and discipline imposed; and upon these grounds alone. ’ ’ He disavows reliance upon CPLR 7803 (subd. 4) which would present the issue whether the determination was on the record supported by substantial evidence and would require transfer of the proceeding to the Appellate Division for disposition (CPLR 7804, subd. [g]).
The determination of the respondent was made after service on petitioner on June 19, 1969, of a notice of charges preferred by the Superintendent of Schools together with a complete set of specifications covering over 15 typewritten pages. The statutory basis for the notice (Education Law, § 3012) was set forth and the petitioner, pursuant to that section, elected to be tried before the respondent board at a public hearing which was held on August 4 and 5, 1969, at which the petitioner was represented by an attorney of his choice. The time of the board to render its decision was extended to October 1.
On September 24, the board met 6 6 to consider the testimony - and the briefs of both the Complainant and the Respondent, and the exhibits entered into evidence at the hearing ”, Prior to that meeting the board received from its counsel written “Instructions” on the law which petitioner contends were erroneous in two respects. The board resolution dismissing petitioner, adopted on October 1, 1969, reads, in part, that the Board “ did make the following unanimous findings as to the said charges and specifications:
*796 “A. — dismissed—Charge II, Specification 9 and Charge III, Specification 13.
“ B.— acquitted — Charge II, Specification 5 and Charge III, Specification 11.
“ C. — proved—Charge I, Specifications 1 and 2. Charge II, Specifications 1 through 4 inch and 6 through 8 inch Charge III, Specifications 1, 3 through 10 inch, Specification 12, and Specifications 14 through 16 inch ’ ’
They also found proved Charge III, Specification 2 by vote of four to one.
The issues presented by the petitioner are: (1) that he was not afforded the opportunity to have counsel when he was questioned by the Superintendent of the district and the Principal of petitioner’s school about his having become separated from his class while on a field trip and was informed that he would be considered insubordinate if he did not then and there give an explanation (his refusal to answer is one of the specifications found proved); (2) that the board resolution is defective because it contains no findings other than those set forth above; (3) that the board was erroneously informed by its attorney that its members could consider whatever personal knowledge they might have of the charges and specifications; (4) that the board was erroneously informed that the failure to call as witnesses other teachers present at a faculty meeting involved in some of the specifications did not warrant any inference that, had they been called, they would have testified against the claimant (i.e., the Superintendent making the charges); (5) that the board erred in denying petitioner the right to cross-examine the Principal concerning the time necessary for preparation for a field trip; (6) that dismissal is an excessive punishment.
The petitioner was not entitled to counsel in the course of investigatory inquiries made by his superiors, unless that right was conferred by statute (Cafeteria Workers v. McElroy, 367 U. S. 886; Anonymous v. Baker, 360 U. S. 287; Matter of Groban, 352 U. S. 330; Opp Cotton Mills v. Administrator, 312 U. S. 126; Matter of Pepe v. Board of Regents, 31 A D 2d 582; Matter of McKaba v. Board of Regents, 30 A D 2d 495; Matter of Popper v. Board of Regents, 26 A D 2d 871; cf. Hannah v. Larche, 363 U. S. 420; Madera v. Board of Educ. of City of N. Y., 386 F. 2d 778; Matter of Fink v. Cole, 1 N Y 2d 48, 51, 52). Here, the only applicable statute, subdivision 3 of section 3012 of the Education Law, provides for a hearing of charges when made, and “At such hearing, which shall be private or *797 public at the discretion of the teacher, each party shall have the privilege of being represented by counsel” (italics supplied). The statute is silent as to the right to counsel at any investigation preliminary to the lodging of charges and the authorities bear out the conclusion that “ Absent statute there is no right to be represented by counsel in purely investigatory proceedings ” (58 Col. L. Rev. 401).
The petitioner contends that information gleaned from him in the investigatory stages, especially with reference to the field trip incident, could lead to possible criminal prosecution under section 195.00 of the Penal Law relating to official misconduct. Though it be assumed that this is so, the fact that petitioner was under a legal duty to speak and that his testimony might provide the basis for criminal charges against him, does not mean he had a constitutional right to the assistance of counsel (Matter of Groban, 352 U. S. 330, 332). If charges were to be made in a criminal proceeding, he would then have the right to counsel and 1 ‘ Until then his protection is the privilege against self-incrimination * * * This is a privilege available in investigations as well as in prosecutions” (Matter of Groban, supra, p. 333). This privilege was not asserted in the course of the inquiries addressed to the petitioner by his superiors.
The petitioner’s objection that the record is defective because of the absence of findings is well taken. ‘ ‘ Determinations subject to judicial review must be based on findings which are sufficient to inform the court and parties as to the findings made, the basis of the findings, and whether the findings are supportable by the evidence ” (Matter of Di Orio v. Murphy, 20 A D 2d 754; Accord: Matter of Barry v. O’Connell, 303 N. Y. 46; Matter of Mariotti v. Turecki, 27 A D 2d 798). The logic of the rule is emphasized by the instruction to the board in this case that it could consider matters of personal knowledge. Such consideration without an opportunity for cross-examination would be erroneous (Matter of Shields v. Hults, 21 A D 2d 745; Matter of Kafka v. Fletcher, 272 App. Div. 364, 368); but without findings it is impossible to determine whether the personal knowledge of any member of the board became an item of evidence considered by it. This is not to say that such personal knowledge may not constitute relevant and material evidence, because it may (Sharkey v. Thurston, 268 N. Y. 123). But such evidence must be made known to the petitioner and be made the subject of cross-examination so that the defense thereto may be presented and a proper record made. The reason for requiring findings is underscored by the extended *798 argument set forth in respondent’s memorandum of law in an effort to correlate the board’s conclusions with particular parts of the record. Such a memorandum is, of course, not part of the record and is not acceptable as a substitute for board findings. The matter will, therefore, be remanded to the board for the purpose of making appropriate findings (cf. Matter of Mayer v. Kummerle, 24 A D 2d 882).
Since the matter is being remanded, it is appropriate to note the rule which the board should follow concerning the failure to call as witnesses -other faculty members present at a faculty meeting in question. The failure to call a witness does not permit speculation concerning what his testimony would have been had he been called and cannot furnish the basis for a finding as to which there is no evidence in the case. It does permit, although it does not require, the trier of fact in weighing the evidence to draw the strongest inference against the party who failed to call the witness that the opposing evidence permits (Noce v. Kaufman, 2 N Y 2d 347, 353; see 1 NY PJI 49 et seq.) The question is not so much one of availability as it is whether the witness is one that the party would naturally be expected to call (1 NY PJI 50-51). In this context, the board could, if it deemed it proper to do so, draw an inference from the failure of complainant to. call faculty members who were present at the meeting and were not adverse to complainant.
The remaining two points can be quickly disposed of. The claimed error with respect to cross-examination of the Principal is not alleged in the petition and, therefore, is not properly before the court unless the broad language of the notice of petition sufficiently presents it. It is not necessary now to decide the pleading point, however, for petitioner was not prejudiced by the ruling even if it was erroneous. The most he could have adduced on cross-examination would have been the admission that he had not been allowed sufficient time to prepare. He presented his own witness who so testified, however, and that being so “no * * * harm ensued, despite the * * ® exclusionary ruling ’ ’ (Forman v. Azzara, 23 A D 2d 793, affd, 16 N Y 2d 955). With respect to the claimed excessiveness of the punishment the court should not rule until it has before it the board’s findings of fact -and is thus advised of the basis upon which the board acted.
A short-form order has accordingly been signed dismissing the first defense and the objections in point of law and remand *799 ing the matter to the board for the making of findings, which should state whether personal knowledge of members of the board has been considered. If any such personal knowledge has been considered, the hearing should be reopened to permit petitioner to cross-examine concerning it and to adduce evidence in refutation of it.