EARTHIA B. WILEY v. JEROME W.
SHANAHAN, JR., AND ANOTHER.

185 N. W. (2d) 523.

March 12, 1971—No. 42460.

*Haverstock, Gray, Plant, Mooty & Anderson* and *David T. Bennett,* for appellant.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon,* and *Robert H. Schumacher,* for respondents.

*M. H. Strothman, Jr., Hyman Edelman, William B. Payne,* and *Dorsey, Marquart, Windhorst, West & Halladay,* for Minneapolis Commission on Human Relations, amici curiae.

OTIS, JUSTICE.

This is an appeal by the complainant, Earthia Wiley, from an order of the district court quashing a subpoena which required respondent Jerome Shanahan to appear before the hearing panel of the Minneapolis Commission on Human Relations. The only issue is whether the subpoena is sought in connection with a criminal proceeding in which respondent may invoke his right against self-incrimination without taking the stand. We hold that it is not and therefore reverse.

This matter arose out of an incident in which complainant alleges respondent, while acting as a police officer, discriminated against him by arresting him for suspicion of burglary because he is a black American, active in the black community, and critical of police administration. Wiley filed a complaint with the Minneapolis Commission on Human Relations which resulted in a finding by the Department of Civil Rights that there was probable cause to believe his claims were well-founded. The de-

partment notified Shanahan of its determination and requested him to appear before a hearing commission in an effort to conciliate the matter. Shanahan refused to respond, and the case was referred to the enforcement section of the commission. Thereupon, Wiley secured from the clerk of district court a subpoena ordering Shanahan to appear before a hearing committee of the commission on November 25, 1969.[1]

Upon motion by Shanahan, the trial court quashed the subpoena. In an accompanying memorandum, the court held that the proceedings before the commission were criminal in nature and hence Shanahan could not be subpoenaed to testify against himself. It is from that order the appeal is taken.[2]

This proceeding is brought under Minneapolis Civil Rights Ordinance, c. 945, relevant parts of which are included in an appendix. The scheme of the ordinance is to prevent discriminatory practices by persuasion and conciliation if possible, or by resort to cease and desist orders. If these measures are unavailing, the ordinance authorizes the enforcement section to initiate, through the city attorney, criminal proceedings for violation of the ordinance, a misdemeanor.

A reading of the ordinance makes it clear that the purpose of the hearing for which the subpoena was issued was to ventilate the charges in order to determine whether the ordinance had been violated. The commission had no jurisdiction to impose any criminal sanctions but had a right, if not an obligation, to refer the matter to the city attorney for processing as a criminal case in the usual manner. There is nothing in the ordinance which requires respondent to jeopardize his right against self-incrimination. Consequently, until the matter is referred to the city attorney, it is entirely a civil proceeding. Under such circum-

[1] Although there was deleted from the subpoena any requirement that Shanahan testify, we deem this omission of no significance.

[2] Although the proceedings are against both Shanahan and respondent Douglas Danielson, also a police officer, only the order affecting Shanahan is before us.

stances, the authorities agree that respondent may not invoke his right against self-incrimination until he has been sworn, takes the stand, is interrogated, and the tribunal is afforded an opportunity to assess the validity of respondent's claim of self-incrimination on a question-by-question basis.[3]

Two recent cases support our conclusions. In Hargis v. Florida Real Estate Comm. (Fla. App.) 174 So. (2d) 419, a real estate broker was called to testify before an administrative commission for the purpose of determining whether his license should be revoked for misrepresentation, concealment, and dishonest dealings. He asserted that his right against self-incrimination was thereby violated. The Florida court held the proceedings were not criminal in nature, stating:

"* * * The objection to testifying must be taken by the witness on his oath after the question has been asked. * * * The Court, not the witness, decides whether or not a question may tend to incriminate. Ex Parte Senior, Fla. 1896, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133." 174 So. (2d) 422.

A common analogous situation is an investigation by the Internal Revenue Service which permits the commissioner to issue a summons requiring the taxpayer to appear and produce his records. The United States Court of Appeals, Fifth Circuit, discussed this problem in United States v. Roundtree, 420 F. (2d) 845, 852:

"* * * We have already pointed out that if Roundtree is able to prove that the sole purpose of the summons is to build a criminal prosecution, the summons must fail. Roundtree's pleadings

---

[3] Consolidated Rendering Co. v. Vermont, 207 U. S. 541, 28 S. Ct. 178, 52 L. ed. 327; United States v. Collins (D. Ore.) 145 F. 709; N. L. R. B. v. Barrett Co. (7 Cir.) 120 F. (2d) 583; Daly v. United States (8 Cir.) 393 F. (2d) 873; United States v. Michigan Bell Tel. Co. (6 Cir.) 415 F. (2d) 1284; In re Adams, 42 S. D. 592, 176 N. W. 508; Greenwood Lbr. Co. v. Cromer, 225 S. C. 375, 82 S. E. (2d) 527; 2 Am. Jur. (2d) Administrative Law, § 268.

adequately preserved this defense. If the IRS sustains its contention that this is a civil investigation, the mere fact that evidence *might* be used against Roundtree in a later prosecution will not support a claim of self-incrimination. * * * If, however, Roundtree can show that the investigation has become 'an inquiry with dominant criminal overtones', he is entitled to raise his fifth amendment objections. * * * But even if the danger of self-incrimination is great, Roundtree's remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense. The district court may then determine by reviewing Roundtree's records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded." [4]

We decline to hold that because hearings before the Commission on Human Relations may result in findings which disclose violations constituting a misdemeanor the proceedings are deprived of their civil character. The primary purpose of the ordinance is education and conciliation. Only if this approach fails will the commission decide whether or not to recommend a criminal prosecution to the city attorney. Under the authorities cited, we hold that respondent was obliged to appear before the commission in response to the subpoena and, if called to testify, take the oath and invoke his right against self-incrimina-

---

[4] A closely related problem is considered in Reisman v. Caplin, 375 U. S. 440, 449, 84 S. Ct. 508, 513, 11 L. ed. (2d) 459, 466; and Donaldson v. United States, 400 U. S. 517, 91 S. Ct. 534, 27 L. ed. (2d) 580. These cases are not dealing with the right against self-incrimination but with the necessity for responding to a summons in a federal tax investigation which might result in criminal prosecution. The United States Supreme Court in the Donaldson case approved the use of a summons in investigating tax violations, notwithstanding the fact that they may lead to criminal proceedings when the investigation is complete.

tion as each question is asked. It was error to quash the subpoena, and the order of the trial court is reversed.

Reversed.

APPENDIX

MINNEAPOLIS CIVIL RIGHTS ORDINANCE

945.060.   Minneapolis Commission on Human Relations.

\* \* \* \* \*

(d) Substantive and Procedural Powers and Duties. The Commission shall—

(1) Seek to prevent and eliminate bias and discrimination because of race, color, creed, religion, ancestry, or national origin by means of education, persuasion, conciliation, and enforcement, and utilize all of the powers at its disposal to carry into execution the provisions of this Ordinance.

\* \* \* \* \*

945.070.   Procedure for Complaints, Investigations, Conciliation and Hearings before Commission.

\* \* \* \* \*

(d) Conciliation. If the Commission shall determine, following such investigation, that there is probable cause to believe that the allegations of discrimination are well founded, it shall immediately endeavor to eliminate the acts or practices complained of by conciliation and persuasion. If, after a reasonable time, the Commission cannot eliminate the acts or practices complained of by conciliation and persuasion, it shall refer the complaint to its Enforcement Section.

\* \* \* \* \*

(f) Conduct of Hearings. Hearings shall be conducted by the hearing committee which shall have full authority to administer oaths, take testimony relating to cases before the Commission, receive evidence and examine books or papers relative to any matter under investigation or in question before the Commission, hear, examine and cross-examine witnesses, make findings of fact, issue orders based upon such findings and apply to the Courts of competent jurisdiction for the enforcement of its orders. \* \* \*

(g) Findings. If the Committee finds that the respondent has engaged in discrimination, it shall make findings and shall issue an order directing that the respondent cease and desist from the practice found to exist and take such other affirmative action as in the judgment of the Committee will effectuate the purposes of this ordinance. Such

order shall be served upon the respondent and upon the complainant by registered mail.

\* \* \* \* \*

(i) Prosecution of Violation of Ordinance. In the event that the respondent fails to obey an order issued by the Committee following hearings as hereinbefore provided, the Committee may, whenever in its judgment such action appears appropriate, instruct the City Attorney to prosecute a respondent in a court of competent jurisdiction for violation of the terms of this ordinance. The Committee shall render to the City Attorney such assistance as he may request in connection with any such prosecution.

\* \* \* \* \*

945.090. Violation.

Any person who discriminates or who commits any act of discrimination as provided in this ordinance is guilty of a violation of this ordinance, and upon conviction thereof shall be punished by a fine of not to exceed $100 for each offense or by imprisonment of not to exceed 90 days for each offense.