STATE of Minnesota ex rel. Gregory C. LUCAS, Appellant,

v.

BOARD OF EDUCATION AND INDEPENDENT SCHOOL DISTRICT NO. 99, ESKO, Minnesota, Respondent.

No. 48493.

Supreme Court of Minnesota.

April 6, 1979.

Clinton J. Hall, Forest Lake, for appellant.

Peterson, Popovich, Knutson & Flynn and James E. Knutson, St. Paul, for respondent.

Heard before PETERSON, KELLY and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Gregory C. Lucas appeals from an order of the Carlton County District Court quashing a Writ of Certiorari, pursuant to which the District Court reviewed the termination of Lucas' contract as elementary principal by the School Board of Independent School District No. 99 (School Board). The District Court found that the termination of the contract was reasonably and substantially supported by the evidence, was not arbitrary or capricious, and that Lucas had not been denied due process. We affirm.

Lucas was hired as principal of the Washington and Winterquist elementary schools in Esko, Minnesota in August of 1972. Beginning in 1974, Lucas and Dr. John O. Hanson, school superintendent, met numerous times regarding problems with the general administration of the elementary schools, primarily in the areas of discipline, faculty trust and confidence, and administration. In April of 1976, Dr. Hanson suggested to Lucas that he resign from his position. Lucas rejected the suggestion.

On September 3, 1976, Lucas was given a Notice of Deficiency pursuant to Minn.St. 125.12, subd. 6. The Notice specified deficiencies in four general areas: lack of leadership; inability to administer effectively with sufficient follow-through and detail; failure to follow directives of the superintendent, lack of teacher morale, confidence, trust, and willingness to cooperate and work with Lucas. Lucas and Hanson conferred on the contents of the Notice on September 15, after which Lucas responded to the allegations by a letter in which he denied or justified each deficiency. Thereafter, by memorandum, Hanson reiterated the problems as he perceived them and requested Lucas to outline solutions in writing.

On March 5, 1977, the School Board resolved to terminate Lucas at the end of the 1976–77 school year. A Notice of Termination, listing 58 separate grounds, was mailed to Lucas on March 5, 1977.

At Lucas' request, a hearing was held on March 26, 1977 through April 1, 1977 before a hearing officer hired by the School Board. The School Board and Lucas were represented by counsel at the hearing. Lucas presented seven witnesses on his behalf, as well as his own testimony; the School Board presented 12 witnesses.

After the close of the hearing, the hearing officer submitted a report to the School Board containing 84 findings of fact and concluding that Lucas was inefficient, neglected his duties, violated school district directives, and that his action or inaction was good and sufficient reason to render him unfit to perform his duties. The School

Board adopted the report in full and voted to terminate Lucas' contract. Lucas then successfully petitioned the District Court to issue a Writ of Certiorari to the School Board. The matter was reviewed by the District Court, resulting in its order quashing the Writ.

This appeal raises two issues:

1. whether the School Board's termination of Lucas' continuing contract was based upon substantial and competent evidence in the record;

2. whether preclusion of Lucas' testimony on matters occurring prior to the Notice of Deficiency, but part of the record before the School Board, violated his right to due process.

■ 1. In determining whether the termination of the contract was based upon substantial and competent evidence in the record, it is not the role of this court to try the matter de novo and to substitute its findings for those of the school board. *State ex rel. Ging v. Board of Education,* 213 Minn. 550, 571, 7 N.W.2d 544, 556 (1942), overruled on other grounds, *Foesch v. Ind. Sch. Dist. No. 646,* 300 Minn. 478, 223 N.W.2d 371 (1974). The responsibility of a school board is to be concentrated, rather than diluted as it would be if subjected to unrestricted reviewing power by juries and courts. See, *State ex rel. Holton v. Board of Education,* 301 Minn. 275, 222 N.W.2d 277 (1974). Accordingly, a school board decision to terminate a teacher or principal will be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law. *Foesch v. Ind. Sch. Dist. No. 646, supra.*

■ We have carefully considered the evidence presented in this case and conclude that the School Board's decision satisfies the statutory requirement that dismissal be based upon substantial and competent evidence in the record. See, Minn.St. 125.12, subd. 9. The grounds and procedure for termination of a school principal's continu-

ing contract are provided in Minn.St. 125.12, subd. 6.[1] These grounds include: inefficiency; neglect of duty or persistent violation of school laws, rules, regulations, or directives; conduct unbecoming a teacher which materially impairs his educational effectiveness, or other good and sufficient grounds. Sixty-seven of the 84 findings of fact adopted by the School Board address specific instances of job neglect, inefficiency, and violation of School Board directives. Lucas argues that these instances demonstrate no more than common daily human error. Viewed independently, many of the findings could indeed be excused as common daily human error. But, the accumulations of dozens of errors or misunderstandings indicate that the problems attributed to Lucas exceeded common daily human error. Indeed, the testimony presented by some of the teachers subpoenaed by the School Board revealed significant difficulties in Lucas' management of the elementary schools. The rebuttal testimony of Lucas' witnesses focussed on their own morale, which was not low, and their personal satisfaction with Lucas' performance. Lucas' own testimony attempted to demonstrate that many of the incidents underlying the charges had been misinterpreted. Because the record taken as a whole soundly supports the School Board's findings, we affirm.

2. Lucas next contends that his due process rights were violated by a ruling of the hearing officer which excluded evidence pertaining to matters occurring prior to and included in the Notice of Deficiency, including evidence intended to impeach the testimony of School Board witnesses on the ground of bias. He argues that the scope of the termination proceeding under Minn.St. 125.12, subd. 6, is not limited to the contents of the Notice of Termination but also affords the affected teacher or principal the opportunity to challenge the validity of the Notice of Deficiency and to demonstrate that any deficiencies which were substantiated have been corrected. The School Board maintains that only the matters contained in the Notice of Termination are relevant.

■ This conflict is in part semantic, arising from the parties' differing interpretations of the language used in Minn.St. 125.12, subd. 6:

" * * * A contract shall not be terminated upon one of the grounds specified in clauses (a), (b), (c), or (d), unless the teacher shall have failed to correct the deficiency after being given written notice of the specific items of complaint and reasonable time within which to remedy them."

In the Notice of Deficiency in the instant case the School Board listed specific instances of Lucas' action or inaction that constituted various grounds for complaint. This degree of specificity is required by due process. By virtue of that Notice, Lucas was required to remedy the deficiencies or specific items of complaint represented by those past factual incidents. If these deficiencies continued as set forth in the Notice of Termination, the School Board, by the provisions of § 125.12, subd. 6, could terminate the contract at the end of the school year. The scope of the termination hearing is thus essentially framed by the Notice of Termination. For example, failure to follow school board directives is a specific item of complaint, evidenced by one or more factual incidents. If failure to follow school board directives does not recur after the Notice of Deficiency, it is deemed reme-

---

1. "Subd. 6. Grounds for termination. A continuing contract may be terminated, effective at the close of the school year, upon any of the following grounds:

"(a) Inefficiency;

"(b) Neglect of duty, or persistent violation of school laws, rules, regulations, or directives;

"(c) Conduct unbecoming a teacher which materially impairs his educational effectiveness;

"(d) Other good and sufficient grounds rendering the teacher unfit to perform his duties.

"A contract shall not be terminated upon one of the grounds specified in clauses (a), (b), (c), or (d), unless the teacher shall have failed to correct the deficiency after being given written notice of the specific items of complaint and reasonable time within which to remedy them."

died, and the facts of the original incidents are not relevant to a termination hearing on the grounds set out in the Notice of Termination. But, to the extent that the specific item of complaint does recur, evidence of the pre-existing deficiency and new evidence of its persistence may be presented by a school board with an opportunity for the teacher to rebut that evidence. Under this scheme, evidence of items of complaint set out in the Notice of Deficiency but not reiterated in the Notice of Termination, as well as evidence of professional competence unrelated to the specific complaints set forth in the Notice of Deficiency and Notice of Termination, are not relevant.

In this case, even though the School Board generally confined itself to evidence from the period after the Notice of Deficiency, it was implicit in the evidence presented that the deficiencies set forth in the Notice of Deficiency had not been remedied. Therefore, Lucas was entitled to attack the School Board's evidence on the basis that past deficiencies had been remedied or had never existed. Although the hearing officer's ruling limited Lucas' testimony, we find no prejudicial error. First, Lucas did not object to the introduction of the Notice of Deficiency during the examination of Dr. Hanson, the school superintendent, nor did he object on any of several evidentiary grounds to general references to the development of his problems over the years. Second, on cross-examination of Dr. Hanson, Lucas did not challenge the contents of the Notice of Deficiency, nor did he attempt to show that the specific items of complaint had been remedied. He did, however, fully cross-examine the superintendent on new evidence of the deficiencies set forth in the Notice of Termination. Third, although Lucas extensively cross-examined the School Board witnesses, he did not attempt to impeach those witnesses on the ground of bias during the cross-examination.[2] Rather, Lucas waited until he presented his own testimony. When the School Board prevailed on its objection to this testimony for lack of foundation, Lucas failed to make an offer of proof.[3] While adherence to evidentiary rules is less strict in an administrative hearing than in a judicial proceeding, it is incumbent upon the parties to preserve an adequate record for judicial review. See, *Hardy v. Independent School District No. 694*, 301 Minn. 373, 223 N.W.2d 124 (1974). Based on the record before us, we find no prejudicial error and no denial of due process in the termination of Lucas' contract.

Affirmed.

---

2. While we have not required counsel to lay foundation for impeachment of a witness for bias through cross-examination prior to the use of extrinsic evidence, *Goss v. Goss*, 102 Minn. 346, 113 N.W. 690 (1907), such a rule of practice, subject to the discretion of the trial court, is generally advisable, because by obtaining the evidence from the attacked witness the need for other witnesses may be eliminated.

3. Where no offer of proof is made so that the reviewing court may pass on the relevancy of the proposed evidence, the exclusion of such evidence is not prejudicial error. See, *Auger v. Rofshus*, 267 Minn. 87, 125 N.W.2d 159 (1963); *Wozniak v. Luta*, 258 Minn. 234, 103 N.W.2d 870 (1960).