## JENNIFER MELIN v. INDEPENDENT SCHOOL DISTRICT NO. 14.

227 N. W. 2d 789.

February 28, 1975—No. 45027.

*Smith, Juster, Feikema, Haskvitz & Casserly, Wyman Smith,* and *Ronald L. Haskvitz,* for appellant.

*Oppenheimer, Wolff, Foster, Shepard & Donnelly* and *Craig W. Gagnon,* for respondent.

*Peterson, Popovich, Knutson & Flynn, Peter S. Popovich,* and *Richard J. Sands,* for Minnesota School Boards Association, amicus curiae, seeking reversal.

Heard before Sheran, C. J., and Todd and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from the Anoka County District Court, which reversed the decision of the Board of Education of Independent School District No. 14 to discharge respondent from her tenured teaching position. We affirm.

A detailed statement of the facts is not necessary for disposition of this matter. We have carefully reviewed the records and proceedings herein. The lower court found as a matter of law that under the facts and circumstances of this case appellant school district improperly brought immediate discharge proceedings against the teacher under the provisions of Minn. St. 125.12, subd. 8(b) (e).[1] This holding is not clearly erroneous and is more than adequately justified by the evidence. Accordingly, we affirm.

Affirmed.

---

[1] Minn. St. 125.12, subd. 8, provides in pertinent part: "A school board may discharge a continuing-contract teacher, effective immediately, upon any of the following grounds:

\* \* \* \* \*

"(b) Conduct unbecoming a teacher which requires the immediate removal of the teacher from his classroom or other duties;

\* \* \* \* \*

"(e) Willful neglect of duty."

Proceedings could have been brought under Minn. St. 125.12, subd. 6 (c), which provides in part: "Conduct unbecoming a teacher which materially impairs his educational effectiveness;

\* \* \* \* \*

"A contract shall not be terminated upon one of the grounds specified in clauses (a), (b), (c), or (d), unless the teacher shall have failed to correct the deficiency after being given written notice of the specific items of complaint and reasonable time within which to remedy them."