Gail ANDERSON, Petitioner, Appellant,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 623, Respondent.**

No. 50481.

Supreme Court of Minnesota.

May 16, 1980.

Peterson, Engberg & Peterson, Roger A. Peterson, and William F. Garber, Minneapolis, for appellant.

Peterson, Popovich, Knutson & Flynn and Thomas M. Sipkins, St. Paul, for respondent.

## OPINION

WAHL, Justice.

Appeal from an order of the Ramsey County District Court upholding the action of the respondent school district in dis-

charging appellant for a second wrongful use of sick leave, which the school board concluded was grounds for discharge under clauses (c) and (e) of Minn.Stat. § 125.12, subd. 8 (1978).[1] Although appellant contends that the discharge has no evidentiary basis, is unauthorized by § 125.12 and is an overly severe penalty, after examination of the record we are required to affirm.

Although the evidence in some respects was in conflict, there is no need to recite it in detail since our review of the record satisfies us that the findings and conclusions of the school board were based. on substantial competent evidence and that the discharge was not, as in *Van Hoof v. City of Burnsville*, 275 N.W.2d 44 (Minn.1979), based on factually inaccurate reasons. Since the evidence sufficiently supports the findings, it is not our role to try the matter de novo and to substitute our findings for those of the school board. *State ex rel. Lucas v. Board of Education*, 277 N.W.2d 524 (Minn.1979).

The board's findings and conclusions may be summarized: On Wednesday, April 19, 1978, appellant told a library clerk under her supervision that she would not be in school on the next day and was going to St. Cloud State University to discuss a new position. That evening she called the district's recording line and said that she would be absent the next day, April 20, because of illness; on that day, however, she drove to St. Cloud and talked with her graduate school advisor and another college official. On returning to her home, she telephoned the school where she worked and told the principal's secretary that her back was sore and she would not be in school on Friday, April 21. She added that she had been in bed all day. Appellant subsequently admitted to school district officials that she had had an appointment at St. Cloud State for 1 p. m. on April 20 and had gone to St. Cloud on that day. She

suggested to her school principal that she could be docked a day's pay. Appellant had also admitted misusing sick leave on a prior occasion in November 1975, then purporting to be ill when in fact she was traveling. On that occasion she had received a written reprimand from the district informing her that such misuse of sick leave constituted grounds for immediate discharge pursuant to § 125.12, subd. 8. Based on these findings, the board concluded that appellant devoted all or a substantial part of her working hours on April 20 to activities not included under authorized sick leave and that she falsely represented that she was not able to work because of illness. It concluded that her actions on April 20, as a second wrongful use of sick leave, constituted grounds for immediate discharge pursuant to § 125.12, subd. 8(c) and (e).

Appellant urges that § 125.12 was intended to apply only to misconduct requiring immediate discharge and that her conduct was not of that nature. She relies on *Melin v. Independent School Dist. No. 14*, 303 Minn. 224, 227 N.W.2d 789 (1975) as "virtually identical" and dictating the conclusion that a teacher may not be discharged for taking one unauthorized day of sick leave a year. In *Melin*, we affirmed the district court's determination that a teacher who had taken an unauthorized day of sick leave could not be discharged on the ground specified in § 125.12, subd. 8(b), "[c]onduct unbecoming a teacher which requires the immediate removal of the teacher from his classroom or other duties," or on that specified in § 125.12, subd. 8(e), "[w]illful neglect of duty." *Melin* is obviously distinguishable in that appellant had misused sick leave on two occasions rather than one, having been warned after the first occasion that such conduct was grounds for immediate dis-. charge. Moreover, she was discharged on the grounds specified in § 125.12, subd. 8(c), "[f]ailure without justifiable cause to teach

---

1. Minn.Stat. § 125.12, subd. 8, provides in pertinent part:

  A school board may discharge a continuing-contract teacher, effective immediately, upon any of the following grounds:

  \* \* \* \* \* \*

  (c) Failure without justifiable cause to teach without first securing the written release of the school board;

  \* \* \* \* \* \*

  (e) Willful neglect of duty:

without first securing the written release of the school board," rather than under clause (b). The plain language of clause (c) clearly encompasses wrongful use of sick leave and thus that clause empowered the district to discharge appellant. Although we tend to agree with appellant's view that discharge was a severe penalty, we are also aware that the discharge was an exercise of the discretion of the school board, with which judicial interference is not warranted.

Affirmed.